EDWARD MCMANUS *vs.* ROBERT H. STAPLES & another.

Middlesex.    January 20, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Assumption of Risk — Act of Fellow Workman — Law and Fact.*

The contention of the plaintiff, in an action at common law for personal injuries, that the fact that his fellow workman held with the tongs over a forge fire a stick of frozen dualin in order to thaw it, would of itself justify the jury in finding that the fellow workman was an unsuitable person for the defendant to have in his employ, and that therefore the case should have been submitted to the jury, cannot avail, if it appears that the fellow workman was employed only as a common laborer, that the work for which he was employed had nothing to do with the handling or use of explosives, and that, while it was careless to send an ignorant common laborer to thaw out dualin, the act was not an act of the defendant or of a superintendent, but of another fellow workman, who was working in the trench with the other workmen, and was merely acting as foreman in the absence of the superintendent.

TORT, for personal injuries occasioned to the plaintiff while in the defendants' employ, by the explosion of a stick of frozen dualin held over a forge fire by one McMahon, another employee of the defendants.    Trial in the Superior Court, before *Sheldon,* J., who, at the request of the defendants, directed the jury to return a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*W. S. Marshall,* for the plaintiff.
*F. E. Dunbar,* for the defendants.

BARKER, J.   The plaintiff's contention is, that the fact that his fellow workman held with the tongs over a forge fire a stick of frozen dualin in order to thaw it would of itself justify the jury in finding that the fellow workman was an unsuitable person for the defendants to have in their employment, and that therefore his case, which was an action at common law for personal injuries, should have been submitted to the jury.

But upon the evidence the fellow workman was employed only as a common laborer, and the work for which he was employed had nothing to do with the handling or the use of explosives.   His ignorance of them did not tend to show that the defendants were negligent in employing him as a common laborer, nor in putting him to work as such with the plaintiff. While it was very reckless and careless to send an ignorant common laborer to thaw out dualin, this act was not an act of the defendants, nor of their superintendent, but of another fellow workman, who was working in the trench with the other workmen, and was merely acting as foreman in the absence of the superintendent.   Both of these persons, the foreman who gave the improper order, and the workman who executed it, were fellow servants with the plaintiff, and the defendants are not answerable in this common law action for the negligence of either.

The plaintiff's whole contention is that the workman who attempted to thaw the dualin over the fire was shown to be an unsuitable servant by that act, and in our opinion that is not enough to show that the defendants negligently employed him as a common laborer.   Sending him to thaw the dualin was not the act of the defendants, but of another fellow workman, who it is not contended was negligently employed.

*Exceptions overruled.*