CIARDELLI ETTORE *vs.* JONATHAN L. SWINGLE & another.

Norfolk. March 6, 9, 1903. — April 1, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability.

In an action by a stone cutter against his employer, for injuries alleged to have been caused by the negligence of the defendant in the selection and employment of an incompetent apprentice, who when attempting to raise a stone with a jack screw allowed the stone to fall upon the plaintiff, it appeared, that the apprentice when employed by the defendant was in his seventeenth year and had worked in other stone yards about two years and seven months, that at the time of the accident he had worked for the defendant about two months and a half, and that he had used a jack screw in another yard, although raising stone was not his chief employment. *Held,* that there was no evidence to go to the jury of negligence on the part of the defendant in employing and retaining the fellow servant by whom the plaintiff was injured.

TORT by a stone cutter against his employers, for injuries sustained while the plaintiff was working in the defendants' stone shed at Quincy. Writ dated January 10, 1900.

At the trial in the Superior Court before *Bishop,* J., the jury

returned a verdict for the plaintiff in the sum of $600; and the defendants alleged exceptions.

*C. S. Knowles,* (*T. E. Grover* with him,) for the defendants.

*S. H. Tyng,* (*J. W. McAnarney* with him,) for the plaintiff.

LATHROP, J.  The plaintiff while in the employ of the defendants was injured by the alleged incompetency of an apprentice in allowing a stone to fall upon him.  At the close of the evidence the defendants requested the presiding judge to rule that the action could not be maintained.  The judge refused so to rule, and submitted the case to the jury upon the question of whether the defendants exercised due care in the selection and employment of the apprentice.  The jury returned a verdict for the plaintiff, and the case is before us on the defendants' exceptions.

The accident occurred on October 12, 1899, and the trial was had in October of the following year.  From the evidence it appeared that at the time of the accident the plaintiff and the apprentice were working a few feet apart, in a shed used for dressing stone.  The plaintiff was raising a stone to a proper height to work upon, and the apprentice, having finished dressing one side of a stone, was turning it over by means of a jack screw, when it fell upon the plaintiff and caused the injuries complained of.  We assume, in favor of the plaintiff, that the act of the apprentice was negligent, although no evidence was introduced at the trial to show that the method adopted by the apprentice to turn the stone was unusual or improper, or that the fall was not caused by a pure accident.

It still remains to be considered whether there was any evidence to show that the defendants did not exercise due care in the selection and employment of the apprentice.  The apprentice was called as a witness for the plaintiff.  He testified that he was then in his seventeenth year, and had been employed in other stone yards in Quincy about two years and seven months before the accident, and had been in the employ of the defendants since July 24, 1899; that he had used a jack in another yard, though raising stone was not his chief employment.

There is in the case not sufficient evidence to show that the defendants did not exercise due care in employing the apprentice, or that while he was in their employ his conduct was such as to show that he was incompetent and that the defendants were

not warranted in retaining him. The case differs essentially from *Olsen* v. *Andrews*, 168 Mass. 261.

The principal argument for the plaintiff is that as the jury saw the apprentice on the stand they might judge from his appearance that he was not a competent person. But there is nothing in the bill of exceptions to show that there was anything in the appearance of the apprentice to warrant the jury in finding that he was an incompetent person. If the plaintiff can recover on the evidence in this case, the well settled rule of law that a servant assumes the risk of the negligence of a fellow-servant would be of no effect. *Kennedy* v. *Spring*, 160 Mass. 203. *Sullivan* v. *Lally*, 166 Mass. 265. *McManus* v. *Staples*, 171 Mass. 150.

*Exceptions sustained.*