## GAUDEAS BOUCHER *vs.* ROBESON MILLS.

Bristol.    October 27, 1902. — January 9, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence,* Employer's liability. *Evidence,* Remoteness.

A workman in a cotton mill does not assume the risk of an injury from the breaking of a rotten belt which his employer negligently has provided.

Whether a rotten belt in use in a cotton mill is a defect in the condition of the ways, works or machinery arising from the negligence of the mill owner, or of some person in his service intrusted with the duty of seeing that it is in proper condition, is a question for the jury.

A workman in a cotton mill injured by the breaking of a defective belt, who on the morning of the accident was intrusted temporarily with the duty of looking after the belts, in a room in which there were one hundred and two frames each run by a belt, but was kept busy on other duties until called to attend to the machine run by the defective belt, cannot be said, as matter of law, to have been negligent in not inspecting the belts, or in not knowing the condition they were in.

Evidence that a superintendent in a cotton mill made use of old belts that constantly were breaking, in order to use them up, instead of putting on new ones, is evidence of the negligence of his employer in regard to the condition of ways, works or machinery.

In an action by a workman in a cotton mill for injuries from the breaking of a defective belt, if it appears that after the accident the rotten part of the belt was cut off and a new piece put on, the belt in its changed condition is admissible in evidence, for what it is worth, in connection with the evidence in regard to the change.

TORT by a workman in a cotton mill, under St. 1887, c. 270, § 1, for personal injuries.    Writ dated October 12, 1900.

In the Superior Court *Mason,* C. J. refused to order a verdict for the defendant.    The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. P. Borden,* for the defendant.

*E. Higginson,* (*J. W. Cummings* with him,) for the plaintiff.

LATHROP, J.    This is an action of tort.    The declaration contains two counts at common law, and two under the St. of 1887, c. 270, § 1, sub-sections 1 and 2.    No question of pleading was raised, and the bill of exceptions states merely that the case was under the employers' liability act.    At the trial in the Superior Court, the jury returned a verdict for the plaintiff, and the case

is before us on an exception to the refusal of the trial judge to direct a verdict for the defendant, and on an exception to the admission of evidence.

The accident was caused by the breaking of a belt which ran from a spinning frame to overhead shafting in the defendant's cotton mill. One end of the belt struck the plaintiff and destroyed the sight of one eye. The plaintiff was twenty-six years old, and was a man of some experience. He had been employed in another cotton mill for several years, and had known of belts breaking there. He also had been a second hand there, and had taken care of belts and had put them on.

He had been employed in the defendant's mills for about a week before the accident, as a spare hand, but had had nothing to do with the belts; and he testified that he knew nothing of their condition. On the morning of the accident, the plaintiff was temporarily set to work as third hand, but was kept busy, under orders from a superior officer, on work not relating to belts, until the time of the accident, when he was called to see why the frame would not work. While stooping down, endeavoring to discover the cause of the trouble, the belt broke and he received the injury complained of. There was evidence that the breaking of the belt was caused by its defective condition.

There was also evidence in the case that at the time of the injury, one Cadoret had been overseer of this room where the plaintiff was, and of two other rooms, for about six months; that before that one Aspinwall had been overseer, and that the witness, Edmund Boucher, a second hand in the room where the accident happened, and in another room, had told Aspinwall about the condition of the belts, saying that they did not run very well and were always broken; that after that the witness changed some of the belts; that after Cadoret came there, the witness spoke to Cadoret about the belts and Cadoret asked the witness what these belts were for, and the witness said they were to replace the bad that were on there; that later, when the witness had just put on a new belt, Cadoret said, "Why did you put that new belt there," and was told that the old one did not run well and was always on the floor; and that Cadoret said : "It is n't necessary to spoil them in that manner. That belt was just as good as the other. It ran just as well as the other.

As for new belts you don't need any. You have enough for ten years in the cupboard, — old belts." The witness further testified that after that he did not put on any new belts.

Cadoret, who was a witness for the defendant, denied that he had stopped the second hand from putting on new belts ; but, on cross-examination, he admitted that he told him there were enough old belts there that were in good condition, and they could be used up. He also testified that the belt in question was about twenty-two or twenty-five feet long, and made about five hundred and fifty revolutions a minute, with a strain of two horse power upon it.

Another witness, one Burgess, called for the defendant, testified on cross-examination that "the belts were run as long as they were fit to run, and patched as long as they could stand it."

The defendant's first contention is that the breaking of the belt was one of the ordinary risks of the employment which the plaintiff assumed. But the rule of law as to assumption of the risk does not apply where there is negligence on the part of the master in furnishing suitable instrumentalities for doing the work, and if the master has intrusted this duty to an agent, he is no less responsible. *Ford* v. *Fitchburg Railroad*, 110 Mass. 240, 260. *Arkerson* v. *Dennison*, 117 Mass. 407. *Rice* v. *King Philip Mills*, 144 Mass. 229. *Moynihan* v. *Hills Co.* 146 Mass. 586, 591, 592.

On the evidence in this case it was for the jury to say whether the belt was not a defect in the condition of the ways, works and machinery which arose from the negligence of the employer or of some person intrusted by it with the duty of seeing that they were in proper condition.

In the next place it is contended that as the plaintiff was acting as a third hand, it was his duty to look after the belts, and that, if he did not do so, the injury was owing to his own negligence. On the evidence in this case we are of opinion that the question of due care on his part was for the jury, and the case does not fall within the rule stated in *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113. There was evidence in the case that it was the duty of the third hand to look after the belts. But the plaintiff had been put on as third hand only that morning, and was kept busy on other duties until he was called to the

machine to fix it. There were one hundred and two frames in the room, each run by a belt. It cannot be said, as matter of law, that he was negligent in not inspecting the belts, or in not knowing the condition they were in.

It is also contended that there was no evidence of the defendant's negligence. But we are of opinion that there was abundant evidence on this point if the jury believed the evidence of Edmund Boucher, and the admissions of Cadoret and Burgess on cross-examination, which we have already stated.

The remaining exception relates to the trial judge's allowing the belt to be put in evidence. The condition of the belt at the time of the accident was a fact pertinent to the issue. The identity of the belt was established not only by a witness for the plaintiff, but also by one for the defendant. The objection made by the defendant to the admission in evidence of the belt was that it appeared that after the accident the rotten part was cut off and a new piece put on. The belt was admissible, in connection with the evidence, for what it was worth. *Cutter* v. *Hamlen*, 147 Mass. 471.

*Exceptions overruled.*