ALEXANDER URQUHART *vs.* SMITH AND ANTHONY COMPANY.

Suffolk.    March 30, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING,
BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability, Assumption of risk.    *Snow and Ice.    Evidence*,
Presumptions and burden of proof.

A plank walk leading from the rear of an iron foundry to a privy provided for the
accommodation of the workmen can be found to be a part of the permanent
ways of the foundry, so that both at common law and under R. L. c. 106, § 71,
it is the duty of a corporation operating the foundry to maintain the walk in a
suitable condition for the use of its workmen, and if snow and ice are allowed to
accumulate on the walk in such quantities that when trampled and then frozen
the surface is rendered uneven and dangerous and so continues for several days
until a workman falls upon it and is injured, there is evidence of negligence on
the part of the corporation toward the injured workman.

A plank walk maintained by an employer for the use of his workmen, which is
constructed properly but temporarily is rendered less convenient for travel by
an accumulation upon it of snow and ice, may be used by the workmen in the
course of their employment without negligence being imputed to them as matter
of law if they are injured from falling by reason of the condition of the walk.

If a workman uses a plank walk, which it is the duty of his employer to maintain
in a suitable condition, knowing from his previous use of the walk that it is
covered with uneven and ridgy snow and ice, and knowing also that the night
before a light snow has fallen which may cause his footing to be still more un-
stable, this does not make his use of the walk negligent as matter of law, and if
he sues his employer for injuries from a fall caused by the condition of the walk
the question of his due care may be one for the jury.

If a workman is injured by falling on a plank walk, which it is the duty of his
employer to maintain in a suitable condition, and which is in a dangerous condi-
tion caused by an accumulation of snow and ice, the fact that he could have
gone to his destination by another way which was free from snow and ice but
less convenient does not as matter of law show that he was negligent in using
the walk, and in an action against his employer for his injuries the question of
his due care may be one for the jury.

A workman in an iron foundry does not assume the risk of injury from falling by
reason of a dangerous accumulation of snow and ice which his employer negli-
gently has allowed to remain on a plank walk leading from the rear of the
foundry to a privy provided for the accommodation of the workmen.

In an action under R. L. c. 106, § 71, by a workman in a foundry against his em-
ployer for injuries caused by falling on a plank walk intended for the use of the
workmen on which the defendant negligently had allowed a dangerous accumu-
lation of snow and ice to remain, if the defendant relies on the provision of § 77
of the same chapter that such an employee shall have no right of action if he
"knew of the defect or negligence which caused the injury, and failed within
a reasonable time to give, or cause to be given, information thereof to the

employer," the burden of proof is on the defendant to establish this defence affirmatively, and even if the plaintiff admits knowledge of the snow and ice it still is a question of fact for the jury whether he also should have known before the experience gained by his fall that the walk thus was made defective.

TORT for personal injuries received while in the employ of the defendant, with two counts, one under the employers' liability act and the other at common law.   Writ dated June 23, 1902.

At the trial in the Superior Court before *Hardy, J.* it appeared that the plaintiff was a pattern maker in the employ of the defendant at its iron foundry in Wakefield ; that while engaged in his employment he had occasion to go to a privy situated a short distance from the rear of the shop in which he worked ; that in attempting to go there he was injured by falling upon a plank walk extending from the rear door of the shop toward the privy ; that the plank walk was fourteen feet long and twenty-seven inches wide ; that the end next to the shop was six inches below the threshold of the door and fourteen inches above the ground and that the walk sloped downward from this point, the ground beneath it being level, the end next to the privy being six inches above the ground, thus causing a pitch of eight inches in the fourteen feet of the walk.

The accident happened on January 16, 1902, between eight and nine o'clock in the morning.   On that morning, and for several days previous or longer, this walk was covered with ice and frozen and trampled snow from two and one half to three inches thick, in a rough condition near the door and at the farther end, but in a smoother condition near the middle of the walk.   During the night or early morning there had been a light flurry of snow.   No sand or ashes were on the walk.   The buildings and the walk had been situated in the same way for at least ten years preceding the accident.

The following is the testimony of the plaintiff in regard to the way he took to go to the privy and the other way which he did not take : " *Q.* Did you leave your room that morning after you had entered it, the room in which you worked ?   *A.* I did. — *Q.* For what purpose did you leave it the first time ?   *A.* The first time ?   I left it for the purpose of going to the privy. — *Q.* How did you have to go to get to the privy from your

room?  *A.*  Go out of my room and go along through the brass shop, come to the stairway, and you go down that stairway, go out through a hall, they use a run to go from one shop to the other, and then I turn out this door to the left and go out this plank walk. — *Q.* Now, is that the way you went to the privy that morning?  *A.* That is the way. — *Q.* Is there any other way in which you could go to the privy?  *A.* There is. — *Q.* Describe the other way?  *A.* Well, the other way leads from the same floor, the stairway, you go out through a hall similar to what I have described, only it is a stairway that is boxed up on both sides, there is no light in it whatever, it is very dark. — *Q.* And which is the most, — which is the shortest way from where you were to go to the privy, from where you were working, which is the shortest way to go?  *A.* I should say the shortest way would be the way I ordinarily go. — *Q.* The way you went that morning?  *A.* The way I went that morning. — *Q.* Which is the lightest way to go?  *A.* The way I went that morning is the lightest. — *Q.* You have been both ways? *A.* I have." Later the plaintiff testified that the way he went " was the usual way" for the men in the shop to go, and on cross-examination said that " the men went both ways to get to the privy."

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover upon either count of his declaration.  The judge refused to rule as requested and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,000.  The defendant alleged exceptions.

The case was argued at the bar in March, 1906, before *Knowlton,* C. J., *Morton, Lathrop, Braley,* & *Sheldon,* JJ., and afterwards was submitted on briefs to all the justices.

*W. H. Hitchcock,* for the defendant.

*J. W. Pickering & E. H. Hadley,* for the plaintiff, submitted a brief.

BRALEY, J.  Upon the evidence the jury could have found that the plank walk was a part of the permanent ways of the defendant's manufactory designed for the use of its employees in passing to and from the privy provided for their accommodation, and which was located at the rear of the shop where the plain-

tiff worked.    *Coffee* v. *New York, New Haven, & Hartford Rail-
road*, 155 Mass. 21, 23.    *Prendible* v. *Connecticut River Manuf.
Co.* 160 Mass. 131.    *McMahon* v. *McHale*, 174 Mass. 320.    Being
thus connected and forming a part of the establishment, whether
at common law or under R. L. c. 106, § 71, it became the duty
of the defendant to maintain the walk in suitable condition
for the convenience of the plaintiff, and if snow and ice were
accumulated in such quantities that upon being trampled and
then frozen the surface was rendered uneven and dangerous,
and so continued for several days before the accident, there was
evidence that by reason of its negligence this duty had not been
discharged.    *Geloneck* v. *Dean Steam Pump Co.* 165 Mass. 202.
The principal defence relied upon, however, is that the plain-
tiff was not in the exercise of due care or assumed the risk.    In
support of this contention it is urged that the unsafe surface of
the walk was obvious, and from the plaintiff's evidence undoubt-
edly it appeared that from previous use he was aware not only
of the presence of uneven and ridgy snow and ice, but also that
the night before a light flurry of snow had fallen which might
tend to cause his footing to be still further unstable.    But what
effect this knowledge of the combination should have had upon
the reasonable care required of him could be found to depend
upon the nature of the defect.    *Street* v. *Holyoke*, 105 Mass. 82.
*Moylon* v. *McDonald Co.* 188 Mass. 499, 501.    The jury might
come to the conclusion that the walk had not been rendered
impassable, and that it was possible to pass over it in safety, or
that in attempting to pass, although in a general way appreciating
the slippery and uneven nature of the surface, the plaintiff had
not failed to exercise ordinary care.    *Mahoney* v. *Metropolitan
Railroad*, 104 Mass. 73.    *Mahoney* v. *Dore*, 155 Mass. 513,
518.    A plank walk, not structurally defective, and properly
constructed, but which temporarily may be less convenient for
travel owing to an accumulation of ice and snow, still may be
used by the servant in the course of his employment without
negligence necessarily being imputed to him.    *Fitzgerald* v.
*Connecticut River Paper Co.* 155 Mass. 155, 157, 158.    *Rooney*
v. *Sewall & Day Cordage Co.* 161 Mass. 153, 159.    *Bence* v.
*New York, New Haven, & Hartford Railroad*, 181 Mass. 221,
226.    That another way of communication was available, of

which the plaintiff knew, and where he would not have been exposed to a similar possible danger, does not conclusively establish the proposition that he was careless. There may be instances where the danger of using one passageway, that occasionally is used as a means of communication between different points in a railroad yard instead of another which is commonly taken, may be so extreme and manifest, that a servant, who, either in disobedience of any order directing him to take the safer course, or to gain time, chooses the first as a shorter or more convenient route and is injured, may be held, by his willingness to take chances which ordinary prudence would have condemned as careless, to be guilty of such negligence as to preclude recovery. *Galvin* v. *Old Colony Railroad*, 162 Mass. 533. But here, as the opportunity afforded the plaintiff was without the distinction that usually one road was considered safer than the other, his choice at most was evidence to be considered only as bearing upon the question of his negligence. It manifestly could not have been ruled as matter of law that because the plaintiff observed the icy surface, he fully appreciated the probability of being injured and then voluntarily exposed himself to any danger that might be incurred by attempting to use the walk. *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156. *Wagner* v. *Boston Elevated Railway*, 188 Mass. 437, 441, and cases cited. Such an issue is for the jury. *Mahoney* v. *Dore*, *Wagner* v. *Boston Elevated Railway, ubi supra*. Neither in principle, nor substantially upon the evidence, would there seem to be any sound distinction between the present case and *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. The plaintiff in that case was injured by falling on a stairway outside the building where she worked, but which was used by the employees, and had become slippery and unsafe by escaping steam which froze as it fell on the treads. It was held, that whether treated as an assumption of the risk or as a question of due care, the issue of the plaintiff's negligence was for the jury. The difference between ice formed by the freezing of melted snow and that formed by the freezing of the moisture caused by precipitated steam, where in each instance the ice makes a coating which may render the surface, whether consisting of steps or of a plank walk, unsafe for use by those having occasion to

lawfully pass over either, is not apparent.   The defect is caused by the same element, and although the circumstances of each case may vary, yet the care required of the servant is only reasonable diligence, and it cannot be said as matter of law, that to use a plank walk is more unsafe than to use stairs, when each has become coated with ice through the negligence of the master. *Mahoney* v. *Dore, ubi supra.*   In actions for injuries caused by defects in public ways it also has uniformly been held not only that the doctrine of contributory negligence is applicable, but that previous knowledge by the person injured of an open defect, or of a general condition which ultimately proves to be a defect, is not sufficient generally to prevent recovery.   *Snow* v. *Provincetown,* 120 Mass. 580, 588.   *Little* v. *Brockton,* 123 Mass. 511. *Woods* v. *Boston,* 121 Mass. 337.   *Norwood* v. *Somerville,* 159 Mass. 105.   *Torphy* v. *Fall River,* 188 Mass. 310, 314.   *Campbell* v. *Boston,* 189. Mass. 7, 10, and cases cited.

In neither case is the traveller, or the servant, freed from the duty of exercising reasonable care, but even with such knowledge, where the roadbed is unimpaired, and the way is apparently left open for use, how far his reliance upon the presumption that the public authorities or the master had performed the duty of making it reasonably safe should have affected his conduct, when the question of his negligence is raised, results in a question of fact and not of law.   *Thompson* v. *Bridgewater,* 7 Pick. 188. *Lawless* v. *Connecticut River Railroad,* 136 Mass. 1, 3.   *Moynihan* v. *Hills Co.* 146 Mass. 586, 591, 592.

A further defence is interposed that under R. L. c. 106, § 77, if the plaintiff knew of the defect and did not inform the defendant, or some person entrusted by it with general superintendence, he is barred from any remedy for the injury.   This section does not require notice of latent defects of which by reason of their character the servant may be ignorant until thereby injured, nor is the requirement where the defect is known a precedent condition, compliance with which must be shown by the plaintiff, but *is* a matter of defence, with the burden of proof resting upon the defendant.   *Murphy* v. *Marston Coal Co.* 183 Mass. 385, 388.   *Connolly* v. *Waltham,* 156 Mass. 368, 371.   If the plaintiff admitted knowledge of the snow and ice, it still would be an issue of fact whether he also should have known before

the experience gained by his fall and consequent injury, that the walk was thus made defective. Indeed, even if the defect of itself had not been transitory but of a permanent character, which would exist where the structural condition of the ways, works and machinery or of their adjustment had become so impaired that further use might be attended with obvious danger, yet in all cases it would not follow that an employee must be presumed conclusively to know that the change constituted a defect within the meaning of the statute, although in some instances such knowledge might be imputed from the common experience of mankind.

It is to be assumed that full and accurate instructions were given upon this as well as upon the other issues as no exceptions were taken to the charge to the jury, to whom the case was properly submitted. A majority of the court is of opinion that the order must be,

*Exceptions overruled.*