ARTHUR FLYNN *vs.* CONNECTICUT VALLEY STREET RAILWAY COMPANY.

Franklin.   September 24, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability, Street railway. *Agency*, Scope of employment.

At the trial of an action against a street railway company by an employee to recover for personal injuries, it appeared that the plaintiff's duties required him to travel to and fro upon the cars of the company to ascertain from the various motormen and conductors the condition of the traffic and to keep the cars running according to schedule, that at eight o'clock on an evening in February, when, by reason of a snow storm, snow plows and men were at work clearing the tracks, he came from his house and boarded a work car directly in front of it to go to the despatcher's office, that, arriving opposite the despatcher's office, as the car was going slowly in entering a car barn, he attempted to alight but, owing to the absence of a step, fell under the car and was injured. It also appeared that the plaintiff, three months before the accident, knew of the lack of a step on the car from which he fell and that, upon his calling the matter to the attention of the superintendent in charge of the railway, the superintendent had promised immediately to restore the step. There was conflicting evidence as to whether the plaintiff knew or should have known that the step was not restored, and as to whether its absence at any time after the promise of the superintendent had become obvious to him. *Held*, that there was evidence from which the jury might find that, when injured, the plaintiff was engaged in the performance of his duties, and that it could not be ruled as matter of law, either that the plaintiff assumed the risk of the injury he received, that he was wanting in due care, or that there was no evidence of negligence on the part of the defendant.

It is not necessarily negligent, as a matter of law, for an employee of a street railway company to alight from a work car of the company while it is in motion.

TORT for personal injuries received by the plaintiff while in the employ of the Greenfield and Turners Falls Street Railway

Company, which, with another street railway corporation, was consolidated to form the defendant. Writ in the Superior Court for the county of Franklin dated February 21, 1906.

At the trial, which was before *Hitchcock*, J., there was evidence tending to show that, at the time of his injury, the plaintiff was assistant superintendent of the street railway, with duties which necessitated his going to and fro upon its various cars in order to ascertain whether the cars on the entire system were running on time and to remedy variations from the schedule if possible, and that he was privileged to ride upon any car at any time.

The accident happened at about eight o'clock in the evening of February 4, 1904. There had been a snow storm, and snow plows and gangs of men were working clearing the tracks. The plaintiff came from his home in Montague City and boarded a car directly in front of the house. He testified that it was necessary for him to go directly to the despatcher's office, which was at Cheapside, and that he also " was in a hurry to get into communication with the person who was running " the car which he boarded, " in order to find out the condition of the road, where the schedule was and where the car was." When the car arrived at Cheapside, it was directed to go to the car barns, and, as it was proceeding slowly, the plaintiff stepped off, but, owing to there being no step on the car, he fell directly under the wheels, and received the injury which is the subject of this action.

The car formerly had been used as a regular passenger car, and the plaintiff himself, then a conductor, had run it at that time. Later it was adapted for use as a snow plow car, and at that time the step in question was taken off. The use as a snow plow car was abandoned and, at the time of the accident, the car was used to distribute sand and salt upon the tracks and as an ordinary work car. The steps, which had been removed for the snow plow, had not been replaced, however, and the plaintiff testified that, between two and three months before the accident, he had called the attention of the superintendent of the street railway to the lack of the step, and the jury so found in answer to a question submitted to them. There was conflicting evidence as to whether the plaintiff should have seen or did see the lower

part of the car at any time after the promise of the superintendent, and whether he knew at the time of the injury that the steps had not been restored.

At the close of the evidence, the defendant requested the following rulings:

1. Upon the pleadings and all the evidence the plaintiff cannot recover.

2. The plaintiff, in entering a car which he knew was not employed in the passenger service of his employer and which he knew was in fact used as a work car, was bound by the condition of the car as it was and cannot recover.

3. If the jury should find that the plaintiff in the course of his duties as assistant superintendent was in and about the car barn daily preceding the day of the accident, during which time he had charge of arranging car crews, starting out cars and crews in the morning, looking out for the operation of cars in the evening and a daily view of the car in question in the barn or on the tracks, and had an opportunity to notice the absence of the steps from that car if he had used his eyes; then the risk of injury in alighting from the car at the point where steps were absent was an obvious one which the plaintiff assumed, wholly regardless of his testimony concerning his knowledge of the presence or absence of the steps, and he cannot recover.  And this would be true, even if the jury should find that the superintendent had made the statement that he would have the steps replaced right away.

4. If the plaintiff knew that the road at the point where he attempted to alight from the car was banked with snow and in that condition sloped abruptly downward to the tracks, and that condition contributed to the injury after he had alighted from the car while in motion, the plaintiff was not in the exercise of due care and cannot recover.

5. If the plaintiff alighted from the car while it was in motion, he was not in the exercise of due care and cannot recover.

The presiding judge refused to grant the requests, and the defendant excepted.   Other facts are stated in the opinion.

*C. T. Callahan,* for the defendant.

*A. L. Green,* (*F. F. Bennett & J. J. Leary* with him,) for the plaintiff.

MORTON, J.   The plaintiff fell while in the act of alighting from one of the defendant's cars and received the injuries complained of.   A step had been removed from the car, which was a work car and not used in the transportation of passengers, and had not been replaced.   It was this which caused the accident. The plaintiff was the assistant superintendent and there was evidence, we think, tending to show that he was engaged at the time of the accident in the performance of the duties imposed upon him as such assistant superintendent, and was properly using the car for that purpose.   It could not be ruled, we think, as matter of law that the plaintiff assumed the risk and was not in the exercise of due care, or that there was no evidence of negligence on the part of the defendant.   The first instruction requested by the defendant, that the jury should be directed to return a verdict for the defendant, was therefore properly refused. There was evidence tending to show that the plaintiff had called the attention of the superintendent to the absence of the step, and that the superintendent had promised to have it repaired immediately.   The plaintiff did not have charge of the repair of the step, and it was no part of his duty to see that it was repaired.   And how far he was justified in relying on the promise of the superintendent to have the step repaired, and how far, taking all the circumstances into account, the risk was to be regarded as an obvious one, and as having been assumed by him, were questions especially within the province of the jury, as was also the question whether, in the exercise of due care, he should have looked, if he did not, before attempting to alight, and whether, if he had looked, he could have failed to see that there was no step there.   These and other matters were submitted by the presiding justice to the jury under instructions of which we think that the defendant cannot justly complain.   Amongst other instructions which he gave them, the presiding justice instructed the jury as follows : "If he [the plaintiff] knew that the steps were gone from that car, but forgot it at the time, then he was not in the exercise of due care and he could not recover. If on the other hand, he supposed, and had reason to suppose that the steps were there, because of these representations that were made [meaning the alleged promise by the superintendent to have them replaced] and of his reliance upon them, and if he,

supposing that they were there, stepped off, it is then a question of fact for you to determine whether at the time he got off from the car he made such observation and looked to see in such a way as a reasonably prudent and careful man would do." This was, to say the least, sufficiently favorable to the defendant. The jury found in answer to a question submitted to them by the court that the superintendent did say to the plaintiff " that he would have the steps put back upon the car right away or words to that effect," and how far, if at all, the plaintiff was justified in the exercise of due care in relying upon this promise was, as already observed, a question for the jury.

It could not be ruled as matter of law, as the defendant in effect asked the court to rule, that the plaintiff was negligent not only in attempting to get off the car while in motion but also in attempting to alight while the car was in motion at a place where the road was banked with snow. It was not, as matter of law, necessarily negligent for him to attempt to alight while the car was in motion. *Corlin* v. *West End Street Railway*, 154 Mass. 197. *Gordon* v. *West End Street Railway*, 175 Mass. 181. *Block* v. *Worcester*, 186 Mass. 526. Whether he was negligent in attempting to alight as he did, at the place where he did, was a question for the jury.

There was evidence of negligence on the part of the defendant. The jury were warranted in finding that it was expected by the defendant that the car would be used by such of its employees, including the plaintiff, as had occasion in the performance of their duty to use it, and that it was negligently suffered by the defendant to be in the condition in which it was at the time of the accident.

We see no error in the manner in which the presiding justice dealt with the case.

*Exceptions overruled.*