ARTHUR L. LYNCH *vs.* LYNN BOX COMPANY.

Essex. November 5, 1908. — January 4, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

If an inexperienced boy of nineteen, who is set at work in a box factory to cut pieces of wood for boxes upon a machine containing a circular saw revolving toward him, knows that a flat piece of metal, called a spreader, which is intended to enter the slit in the wood as the saw cuts it and prevent it from closing on the saw, owing to the screws that fasten it being loose, sometimes or "real often" fails to enter the slit and hits the wood, causing his hand to jump, it does not follow as matter of. law that the boy appreciates and assumes the risk of his hand being thrown forward upon the saw when it is made to jump by a piece of wood hitting the spreader, and, in an action against his employer for injuries thus incurred, it is for the jury to say, taking all the circumstances into account, whether he appreciated the danger and assumed the risk.

In an action by a workman against his employer for personal injuries caused by a defect in a machine operated by the plaintiff, if the plaintiff testifies that he was operating the machine in the usual way when he was injured, this is evidence for the jury that he was in the exercise of due care.

TORT for personal injuries received on October 3, 1902, while the plaintiff, in the employ of the defendant, was operating a machine known as a heading machine used in the manufacture of wooden boxes.   Writ dated December 9, 1902.

In the Superior Court the case first was tried before *Lawton,* J., who at the close of the plaintiff's evidence ordered a verdict for the defendant.   The plaintiff alleged exceptions, which were sustained by this court in a decision reported in 194 Mass. 307. There was a new trial before *Crosby,* J., who reported the case for determination by this court under the stipulation quoted in the opinion.

There was evidence at both trials that the plaintiff at the time of the accident was about nineteen years of age ; that he was set at work at cutting pieces of wood for boxes upon a machine containing a circular saw revolving toward him, against which he was to push a movable table holding the piece of wood to be cut, while, attached to an adjoining stationary table about two inches back of the revolving saw, was a flat piece of metal called a spreader, intended to enter the slit in the wood as the saw cut it and prevent the wood from closing on the saw ; that the screws attaching the spreader to the stationary table were loose, causing the spreader to go one way or the other ; and that this defect had existed long enough to have been known to the superintendent of the factory; that the plaintiff was pushing a piece of wood on the movable table against the saw, when, owing to the looseness of the screws, the spreader failed to enter the slit in the piece of wood and struck the wood a little to one side of the cut, causing the piece of wood to be stopped with a violent jerk and the plaintiff's hand to be thrown forward upon the saw and injured.   The difference between the evidence at the second trial and that at the first in regard to the plaintiff's previous experience and his knowledge of the condition and operation of the machine is described in the opinion.

*R. Spring,* (*W. Rand* with him,) for the defendant.

*W. E. Sisk,* (*J. H. & R. L. Sisk* with him,) for the plaintiff.

MORTON, J.   This case was before this court in 194 Mass. 307 on the plaintiff's exceptions to a ruling directing a verdict for the defendant, and it was there held that the case should have been submitted to the jury.   The case has been tried a second

time and it comes before us now upon a report by the presiding
judge made pursuant to a stipulation entered into by the parties
at the close of the plaintiff's evidence that the jury should " re-
turn a verdict for the plaintiff in the sum of two thousand
dollars and the case . . . be reported to the Supreme Judicial
Court for its determination on the question whether upon the evi-
dence presented there was an issue proper for submission to the
jury." If there was, judgment is to be entered on the verdict.
If there was not, judgment is to be entered for the defendant.

The defendant does not seriously contend that there was not
evidence warranting a finding that the machine was defective,
and that its condition was due to negligence on the part of the
defendant. Neither does it seriously contend that the evidence
did not warrant a finding that the accident was due to the de-
fective condition of the machine. Its main contentions are that
the risk was an obvious one and that the plaintiff assumed it,
and was not in the exercise of due care.

The evidence, especially in regard to the plaintiff's knowledge
of the condition and operation of the machine, is fuller than it
was at the former trial, but it is not such, we think, as to war-
rant us in saying that there was no issue for the jury. The
testimony in regard to the plaintiff's occupations before he en-
tered the defendant's employment and as to what he did after he
entered its employment down to the time of the accident was
substantially the same as at the former trial. There was no
testimony at this trial as there was at that from the defendant's
superintendent that he instructed the plaintiff in regard to the
operation of the machine, and the plaintiff's testimony that he
received no instruction was left uncontradicted. The evidence
at this trial tended rather to show that the plaintiff had worked
less upon the machine than appeared to have been the case at
the previous trial, and that his work upon it had been more
intermittent and desultory. But the defendant contends that in
view of the plaintiff's familiarity with the condition and opera-
tion of the machine as shown by his testimony at this trial, and
in view of the fact that during the time that he worked upon
the machine boards hit the spreader and caused his hand to
jump " real often," to quote his words, he must be deemed to
have understood that such an accident as occurred might happen

and therefore to have assumed the risk, and it further contends that these facts render the case as now presented distinguishable from the case presented at the other trial. But it does not follow as matter of law that, because the plaintiff knew that the machine was defective and that boards at times hit the spreader and caused his hand to jump, he appreciated and assumed the risk of such an accident as happened. He might well have continued to work upon the machine without understanding or appreciating the fact that his hand was liable to be thrown on to the saw by the tendency which the machine had to make his hand "jump" when a board hit the spreader. His knowledge in regard to the machine and its operation would not necessarily preclude him from recovery. It was for the jury to say, taking all the circumstances into account, whether he appreciated the danger and assumed the risk. It could not be held that as matter of law he assumed the risk. *Wagner* v. *Boston Elevated Railway*, 188 Mass. 437. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257. *Cahill* v. *New England Telephone & Telegraph Co.* 193 Mass. 415.

He testified that he was operating the machine in the usual way when injured and it could not be ruled, therefore, as matter of law that he was not in the exercise of due care.

*Judgment on the verdict.*