JOHN JELLOW *vs.* FORE RIVER SHIP BUILDING COMPANY.

Norfolk. January 19, 20, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.

One, who is employed by a shipbuilding company to trim armor plate with a pneumatic cape chisel and who is under no duty to inspect the tools he uses, does not as a matter of law assume the risk of injury from pieces breaking off and flying from the chisel, due to a defective condition of the chisel arising from its being improperly tempered, where such defective condition is not obvious nor ascertainable by external inspection.

One, who is employed by a shipbuilding company to trim armor plate with a pneumatic cape chisel and who is injured by a piece of metal breaking from the chisel and flying into his eye by reason of a defective condition of the chisel due to improper tempering, cannot be said as a matter of law to have assumed the risk of such an injury merely from the fact that a week before his injury he complained to his employer's superintendent of the condition of chisels which were being furnished, if the superintendent assured him at the time that there would be no cause for further complaint, and the chisels furnished from the time of his complaint until the time of his injury were satisfactory.

TORT for personal injuries received by the plaintiff while in the defendant's employ, as stated in the opinion.   Writ in the Superior Court for the county of Norfolk dated January 1, 1906.

There was a trial before *Crosby*, J.   The material facts are stated in the opinion.   At the close of the evidence, the defendant asked the presiding judge to rule, (1) that upon all the evidence in the case the plaintiff could not recover; (2) that the plaintiff could not recover on the first count of the declaration [which was the only count upon which the case was submitted to the jury]; (6) that the danger of pieces of metal flying from the chisel was one of the ordinary risks of the employment which the plaintiff assumed; (8) that, if the jury find that the incompetence of Handy [a fellow workman] was the cause of the accident, the plaintiff assumed the risk of his incompetence and could not recover.   The judge refused to rule as requested, the jury found for the plaintiff; and the defendant alleged exceptions.

*J. Lowell & J. A. Lowell*, for the defendant.

*J. E. Cotter*, (*J. W. McAnarney & T. F. McAnarney* with him,) for the plaintiff.

BRALEY, J.   The plaintiff was at work as a chipper trimming armor plate for the defendant with a pneumatic cape chisel, when a corner of the point broke and the flying fragment destroyed the sight of his left eye.   If the tools supplied were unsuitable or unskilful workmen were hired or retained, as charged in the count at common law under which the case was submitted to the jury, the defendant, having engaged to provide reasonably safe instrumentalities and to employ competent fellow servants, failed to discharge its duty.   *Holden v. Fitchburg Railroad*, 129 Mass. 268.   *Cooney v. Commonwealth*

*Avenue Street Railway*, 196 Mass. 11.   *Donahue* v. *C. H. Buck & Co.* 197 Mass. 550, 552.

The chisels were made at the works and were required to be tempered to a high degree of hardness, or else, because of their texture, upon coming in contact with the steel armor plate their edges would splinter.   It was the defendant's contention that chisels even when properly prepared often would crumble, and that the chisel which the plaintiff used was suitable for his work.   In the decision of the questions raised before this court, the weight of the evidence has no place.   If from the testimony of the defendant's witnesses, of whom some testified from large knowledge and long experience, it appeared that when in use the edge of a cape chisel however well tempered would frequently break, the witnesses for the plaintiff testified in substance that if in good order they broke only infrequently, but when used on armor plate where the cutting was of the depth being made by the plaintiff, they would not splinter at all.

The various exceptions taken by the defendant to the admission in evidence of the reputation at the works for incompetency of the blacksmith by whom the chisels were forged, not having been argued, need not be considered, and it is sufficiently plain without further reference to statements of the various witnesses, that upon conflicting evidence the jury could find that the chisel was unsuitable because insufficiently prepared, and that the defect was attributable to the want of skill of the defendant's servant, whose unfitness its general manager either knew or in the exercise of reasonable diligence in supervision should have ascertained.   *O'Connor* v. *Adams*, 120 Mass. 427.   *Cooney* v. *Commonwealth Avenue Street Railway*, 196 Mass. 11, 15.

If, as the defendant urges, there was evidence that while the armor is being trimmed chips frequently fly and are incidental to the work, the plaintiff attributed his injury solely to the broken piece which came from the chisel.   He concedes that by his contract of employment he assumed the risks arising from the chipping of the plate, and the jury were so instructed. *Mahoney* v. *Dore*, 155 Mass. 513.

The defendant's main contention, however, is, that because the breaking of the chisel was an obvious danger connected with his employment, and the plaintiff by his knowledge of

the fact had taken upon himself the risk of his fellow servant's incompetency, proof of its negligence has not been shown.

But, if put upon the ground that ordinary observation would have revealed the defect, the defense fails. It is obvious, not latent, defects which are assumed, and, although the plaintiff was an experienced workman at his calling, he is not shown to have been possessed of any mechanical knowledge which would lead him to anticipate from its appearance that the chisel was defective as the result proved, especially as there was evidence from which the jury could find that from external inspection alone the temper of a chisel could not be discovered. *Murphy* v. *Marston Coal Co.* 183 Mass. 385, 387. *Ford* v. *Eastern Bridge & Structural Co.* 193 Mass. 89. *Morena* v. *Winston,* 194 Mass. 378, 384.

If, when suitable, the chisels did not splinter, the plaintiff by his contract of employment did not assume the risk of chips which might fly from defective chisels. *Hopkins* v. *O'Leary,* 176 Mass. 258, 264. *Boucher* v. *Robeson Mills,* 182 Mass. 500. *Chambers* v. *Wampanoag Mills,* 189 Mass. 529. But if this defense is rested upon the plaintiff's subsequent knowledge of the incompetency of the blacksmith and that the chisel which broke had been tempered by him, this question was for the jury to determine under appropriate instructions.

It should not be overlooked that, where the use of the terms "risk" and "acceptance of the risk" are involved, the true question is, whether in incurring the particular danger in question the plaintiff accepted the risk in the sense that by continuing at his work he agreed to relieve the defendant from the possible results. The plaintiff consequently not only must be shown to have known of the risk but, by implication from his conduct, must be found to have voluntarily assumed it. *Wagner* v. *Boston Elevated Railway,* 188 Mass. 437, 440, 441, and cases cited.

Upon having previously observed that the chisels were working improperly, he complained to the defendant's foreman in the presence of the general manager of the company, by whom he was assured that there would be no cause for further complaint. It was not until a week later that the accident occurred, dur-

ing which the chisels furnished had proved satisfactory.    If he knew that the incompetent blacksmith had prepared the chisel, how far the representation that the danger would be removed, coupled with the fact that since then there had been such an improvement as to obviate any criticism, affected his appreciation of the risk was a question of fact.    *McKee* v. *Tourtellotte,* 167 Mass. 69.

The plaintiff had the right to rely on the presumption, that the defendant would provide proper tools and intended to remove any reasonable ground of complaint if they failed to prove suitable, especially after the attention of the foreman and of the general manager had been directed to their condition.    To some extent, moreover, he also might rest his judgment as a prudent man on the superior knowledge and judgment of the defendant's representatives, as well as on the justifiable belief that the promise had been kept.    It certainly could not have been ruled as matter of law that the only inference to be drawn from all of these circumstances was that by continuing at his work he consented to take the chance of what might befall and to exonerate the defendant from the consequences.    *Mahoney* v. *Dore,* 155 Mass. 513.    *Wagner* v. *Boston Elevated Railway,* 188 Mass. 437. *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257.    *Cooney* v. *Commonwealth Avenue Street Railway,* 196 Mass. 11, 16, 17. *Holmes* v. *Clarke,* 31 L. J. (N. S.) Ex. 356.

The rulings requested, therefore, were rightly refused, and the case was properly submitted to the jury.

*Exceptions overruled.*