JOHN GRIFFIN *vs.* JOSEPH ROSS CORPORATION.

Suffolk.    December 6, 1909. — January 20, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action by an employee against his employer under R. L. c. 106, § 71, cl. 2, for personal injuries alleged to have been received by the plaintiff while at work on a concrete mixing machine, there was evidence tending to show that the plaintiff was familiar with such machines and had been working upon the one upon which he was injured on alternate days for about a week; that his duty was to stand on a platform, with one set of gearing at his back and another at his side, and shovel sand, which was placed in a pile before him by other employees, to other men toward the side where one set of the gearing was; that when he first went to work on the machine the gearings were covered with boards, but that two days before the accident the board coverings had been broken by a boom of a derrick, at which time the plaintiff had told a superintendent of the defendant that it was dangerous for him to work where he was with the gearing uncovered and the superintendent had "told him to go ahead, that he would get it fixed," and thereafter on that day the plaintiff had worked on the machine. When he returned to the machine on the day of the accident, the coverings had not been replaced and he again called the superintendent's attention to the danger of his position and received the same assurance as before. The only place that the plaintiff could stand as he worked was six inches in front of one set of gearing. The platform had many pieces of cracked stone upon it. The plaintiff wore a jumper which he did not button. As he worked, he stumbled somewhat on a piece of stone, the back of his jumper became caught in the gearing, he reached around with his hand to free himself, his sleeve became caught and his hand was drawn into the cogs and crushed. *Held,* that the questions, whether the plaintiff had assumed the risk of the injury which he received, and whether when injured he was in the exercise of due care, were for the jury.

TORT under R. L. c. 106, § 71, cl. 2, for personal injuries received by the plaintiff while at work for the defendant on a concrete mixing machine, and alleged to have been caused by negligence of a superintendent of the defendant in not replacing upon the gearing of the machine guards which had been knocked off by the boom of a derrick, by reason of which the plaintiff's clothing became caught and his hand was pulled into the gearing and crushed.    Writ dated February 16, 1906.

The case was tried before *De Courcy,* J.    The plaintiff was the only witness.    His testimony in direct examination tended to show the following facts:

He was injured on December 7, 1905, at which time he had

been employed by the defendant since the previous May.  For about a week before the accident, he had worked on the defendant's concrete mixers, of which there were two, one day working on one and the next on the other.  On the machine upon which he was hurt there was a platform about four feet above the ground upon which he stood with his back to the gearing in which he was caught and with the other gearing at one side, toward which in the course of his duties he shovelled sand to two other men who were doing the mixing.

When the plaintiff began working upon the mixer, the gearing was covered with boards.  Two days before the accident at two o'clock in the afternoon, while the plaintiff was working upon the mixer upon which afterwards he was injured, these boards were broken and the gearing became uncovered and exposed. The plaintiff had a conversation with one Carroll, who might have been found to have been a superintendent of the defendant, as to which he testified: "I told him that it was dangerous to work there, and that he ought to get it fixed, and he told me to go ahead, that he would get it fixed.  I told him it was dangerous for me to stand there; that that was dangerous; that he ought to put it [the board covering] up again; and he said 'Go ahead.'  He said 'Don't mind it.'  He said 'I will get it fixed. There is carpenters enough around here.'"

The covering was not replaced that day.  The next day the plaintiff worked upon the other mixer.  Upon returning on the day of the accident to the mixer from which the gear coverings had been removed, he noticed that the coverings had not been replaced and again spoke to Carroll about them.   Again Carroll "told me to go to work and said 'I will get it fixed, there is carpenters enough around here.'"   "Q.  After your first and second talk with Carroll about the putting up of the guards, did you work there expecting that the guards would be put back as Carroll said?   A.  I wouldn't stop there only that I thought that he would get it fixed."

The place in which the plaintiff stood was the only one in which he could stand and do his work.

On cross-examination the plaintiff testified that he had worked upon similar machines and "knew all about concrete mixers, and what they were for and how they were operated."   He knew that

if his clothing got caught in the gearing he would be pulled into it also and would be injured. He told the men who were dumping upon the platform the sand which he shovelled to the mixers "not to dump it too close to the gears because he was afraid to be near them. If the sand had been dumped a foot and a half away, he could have done better."

As he stood at his work he was about six inches from the gearing at his back. He wore a jumper, but he did not have it buttoned. All around his feet upon the platform were pieces of cracked stone, " They were rolling off the platform and under my feet." While he thus was at work, he stumbled backward upon a piece of stone, his jumper was caught in the cogs in the back, he reached around with his hand to free himself, the sleeve of his jumper also became caught in the gearing and his hand was pulled into the cogs and crushed.

At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant and reported the case for determination by this court, it being agreed by the parties that, if the plaintiff was entitled to have his case submitted to the jury, judgment was to be entered for him in the sum of $3,000; otherwise, judgment was to be entered on the verdict.

*G. P. Beckford*, for the plaintiff.

*W. H. Hitchcock*, for the defendant.

BRALEY, J. The action is brought under R. L. c. 106, § 71, now by codification St. of 1909, c. 514, § 127. At the close of the plaintiff's evidence a verdict was ordered for the defendant, and the case is before us on a report.

It is plain, that there was ample evidence of the defendant's negligence, and the only questions are, whether as matter of law the plaintiff either assumed the risk or failed to exercise due care.

The guard which protected the cogs of the mixer was a part of the defendant's works and machinery when the plaintiff entered its employment. *Donahue* v. *C. H. Buck & Co*. 197 Mass. 550. By his contract of service, although he accepted the permanent appliances as he found them, he assumed no risk of injury from an unguarded mixer which in operation might endanger workmen while shovelling in the sand and cement. *Mahoney* v. *Dore*, 155 Mass. 513. *Jellow* v. *Fore River Ship*

*Building Co.* 201 Mass. 464, 467. The guard of the mixer where the plaintiff worked as a shoveller having been struck and displaced by the boom of the derrick, he called the attention of the defendant's foreman to its condition. It is beyond dispute that with knowledge of the unguarded cogs the plaintiff continued at his work until, his clothing having been caught, his hand afterwards was drawn into the gears and crushed. But if assumption of risk by conduct of the employee in using machinery which becomes defective after he enters the service of the employer often may be so blended with contributory negligence as to be indistinguishable, yet, where it is claimed that the plaintiff voluntarily took the chance of an injury for which he seeks· damages, the defendant avoids liability on the ground that the plaintiff, by thus incurring the danger, agreed to relieve it from the possible harmful results. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, 467. The burden of proving his own due care is made by the statute a condition precedent to recovery. It must, however, have appeared before the defense of assumption of risk could prevail, that with a full appreciation of the peril, he consented to expose himself to the chance of losing his hand. It was uncontroverted that after the mixer became defective the plaintiff complained to the foreman, whom the jury could find had been entrusted with superintendence. *Reardon* v. *Byrne*, 195 Mass. 146. The foreman not only assured him that the defect would be remedied, but instructed him to remain at work. The plaintiff was in this situation, either he must obey, or by refusal face the possibility of a discharge, with loss of employment. The standard by which the character of his acts should be ascertained, when thus called upon to decide what he should do, is the ordinary conduct of men placed in similar circumstances. In the management of the defendant's business, to stop the machine until the carpenters to whom the foreman referred could make repairs, might cause pecuniary loss, and in the judgment of the foreman the mixer could be temporarily run, if the plaintiff was warned of the danger. If the jury would have been justified in saying the plaintiff must have been aware that the guard was off, they also could properly have said, that he relied upon the promise, which he had every reason to believe

would be kept as soon as the carpenters were ready. A further finding that the plaintiff might reasonably assume the order would not have been given, if his superior deemed its execution exposed him to great personal hazard, would have been warranted. It would result from these findings, that he conducted himself with ordinary prudence and was not bound to anticipate the consequences which befell him.

We are unable to distinguish in principle the present case from recent decisions by which it must be governed, and where we have held that the plaintiff's assumption of risk and want of due care were for the jury to determine. *Counsell* v. *Hall*, 145 Mass. 468. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Mahoney* v. *Dore*, 155 Mass. 513, 519. *McKee* v. *Tourtellotte*, 167 Mass. 69. *McKinnon* v. *Riter-Conley Manuf. Co.* 186 Mass. 155. *Wagner* v. *Boston Elevated Railway*, 188 Mass. 437. *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257. *Cahill* v. *New England Telephone & Telegraph Co.* 193 Mass. 415. *Cooney* v. *Commonwealth Avenue Street Railway*, 196 Mass. 11, 14. *Baldwin* v. *American Writing Paper Co.* 196 Mass. 402, 407. *Flynn* v. *Connecticut Valley Street Railway*, 196 Mass. 587, 590. *Berube* v. *Horton*, 199 Mass. 421. *Herlihy* v. *Little*, 200 Mass. 284. *Lynch* v. *Lynn Box Co.* 200 Mass. 340. *Hanley* v. *Boston Elevated Railway*, 201 Mass. 55. *O'Toole* v. *Pruyn*, 201 Mass. 126. *Shannon* v. *Willard*, 201 Mass. 377. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464.

In accordance with the terms of the report, judgment is to be entered for the plaintiff for the stipulated amount.

*So ordered.*