PETER KUSHNIZKI *vs.* NEW ENGLAND BISCUIT COMPANY.

Worcester.   October 3, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence*, Employer's liability: superintendence, fellow servant.

Where, at the trial of an action by an employee in a factory against his employer, to recover for injuries received while cleaning the dies and cutter of a " cookie machine," there was evidence tending to show that the machine had been stopped for the purpose of being cleaned just before the close of the day's work, that a superintendent of the defendant had given the plaintiff orders to clean the gears of the machine and had stood by while the work was going on and that the plaintiff was following his instructions when he was injured by the superintendent starting the machine without giving him any warning, the mere fact that the plaintiff put his thumb instead of a brush on the gears will not as matter of law prevent the plaintiff from recovering, because he had a right to expect that the machine would not be started until the cleaning was finished and to rely on receiving a warning from the superintendent before the superintendent deliberately set it in motion.

A superintendent in a factory had caused a machine to be stopped for cleaning and had directed an employee to clean it and had stood by while the employee did the work in accordance with his instructions.   While the employee was at work upon the gearing of the machine, the superintendent started it and the employee was injured.   In an action by the employee against his employer under St. 1909, c. 514, § 127, cl. 2, the defendant contended that the plaintiff could not recover because the act of the superintendent in starting the machine was an act of a fellow servant.   *Held*, that the superintendent's decision to put the machine in motion caused the injury, and that such decision was an act of superintendence.

TORT under St. 1909, c. 514, § 127, cl. 2, for personal injuries received by the plaintiff while in the defendant's employ in its factory in Worcester and alleged to have been caused by the negligence of a superintendent of the defendant.   Writ dated September 25, 1909.

In the Superior Court the case was tried before *Aiken*, C. J. The facts are stated in the opinion.

At the close of the evidence, the Chief Justice refused to give rulings asked for by the defendant to the effect that on all the evidence the plaintiff was not in the exercise of due care, that the superintendent was not negligent, and that the plaintiff could not recover.

VOL. 210.                  12

The jury found for the plaintiff in the sum of $750; and the defendant alleged exceptions.

*C. C. Milton*, for the defendant.

*P. T. Dolan*, for the plaintiff.

BRALEY, J.    The plaintiff among other duties of his employment was required to clean the dies and cutters of a "cookie machine," and while about the work it was set in motion, cutting off the thumb of his right hand.    It was in evidence that the machine when in operation did not become clogged, and the plaintiff had been instructed to clean only when it had been stopped for the purpose just before the close of the day's work. The evidence would have warranted the jury in finding, that one Hutchins, whose orders to clean the machine where he was injured the plaintiff obeyed, had been entrusted with superintendence as his sole or principal duty, and that not only in cleaning the gears did the plaintiff follow the instructions given to him, but if Hutchins, who stood by while the work was being done, had not started the machine without giving the plaintiff any warning, the accident would not have happened.    *Griffin* v. *Joseph Ross Corp.* 204 Mass. 477.    *Carney* v. *A. B. Clark Co.* 207 Mass. 200, 206, 207.

The defendant's first contention is, that because the plaintiff put his thumb on the gears instead of using the brush he was careless.    But the plaintiff knew that the machine had been stopped at the usual time for him to clean, and had the right to expect that it would not be started until the process had been finished.    Moreover the personal supervision of the superintendent, accompanied by his directions to the plaintiff while performing the work, was an assurance that the machine would remain at rest until the gears had been cleaned, or that he would be warned before it was deliberately set in motion.    The question of the plaintiff's due care was for the jury.    *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586, 588.    *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464.    *Griffin* v. *Joseph Ross Corp.* 204 Mass. 477, 481.

It is next urged that the act of Hutchins in starting the machine was the act of a fellow servant and not an act of superintendence.    But his decision to put the machine in motion was within the scope of his authority, and caused the injury.    *O'Brien*

v. *Look*, 171 Mass. 36.    *Roche* v. *Lowell Bleachery*, 181 Mass.
480.   *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass.
586.   *McPhee* v. *New England Structural Co.* 188 Mass. 141.
*Silvia* v. *New York, New Haven, & Hartford Railroad*, 203 Mass.
519.   *Mooney* v. *Benjamin F. Smith Co.* 205 Mass. 270.

The exception to the exclusion of evidence has been waived ;
and as the first, second, sixth and seventh requests upon which
the defendant relied at the argument were rightly refused for
the reasons above stated, its exceptions must be overruled.

*So ordered.*