JOHN J. WHALEN *vs.* HUGH NAWN CONTRACTING COMPANY.

Suffolk.   December 10, 1913. — April 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Employer's liability, In construction work.

At the trial of an action against a contractor for personal injuries suffered by a carpenter in his employ when at work upon a staging used in placing in position forms for concrete for an elevated railway station over a highway, it appeared that a passing street railway car caught a rope and caused a part of the staging which it supported to fall, leaving the plaintiff standing upon a narrow timber, grasping another upright rope for support. There was evidence that, while in this position, one who might have been found to have been exercising the duties of a superintendent for the defendant in the absence of the superintendent, and whose orders the plaintiff was bound to obey, directed the plaintiff to free the rope which had caught on the car, that the plaintiff did so, whereupon the staging, which had been wrenched from its proper position, rebounded and the plaintiff was dislodged. *Held,* that there was evidence that the plaintiff was in the exercise of due care and that his injury was due to negligence of one who, with the authority and consent of the defendant, was acting as superintendent in the absence of the superintendent.

An employee does not assume as a part of his contract of employment the risk of negligence of his employer's superintendent.

In this action by a carpenter against his employer under the employers' liability act for personal injuries caused by negligence of a foreman in the defendant's employ, it was *held*, that on the evidence questions were presented for the jury, whether the defendant's superintendent was present and whether, if present, he was superintending.

TORT for personal injuries received while the plaintiff was in the defendant's employ and was at work on a concrete structure that was being built by the defendant for the Boston Elevated Railway Company at Forest Hills Square in Boston. Writ dated December 13, 1909.

In the Superior Court the case was tried before *White*, J. The material evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant, with the stipulation that, if the case ought to have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $1,500; otherwise, judgment was to be entered for the defendant. The plaintiff alleged exceptions.

*L. S. Thierry*, for the plaintiff.

*E. C. Stone*, for the defendant.

BRALEY, J. The plaintiff while at work as a carpenter placing moulds for concrete used in the construction of a terminal station which the defendant his employer was building for the Boston Elevated Railway Company, had with three other workmen hoisted a large wooden form or mould on to a staging hanging a short distance below the inside of the trolley used by the surface cars. The inner side of the staging was supported by timbers bolted or spiked to the building, while the outside was suspended by ropes. A loop of the unused portion of one of the ropes hung below the staging over the track, and as the form was being raised a car came by, and in passing, the sign on the car nearest the staging caught the loop, causing the form to fall to the ground. The rope in falling caught the end of one of the crosspieces of the staging, pulled away the planks, and threw two of the plaintiff's fellow workmen off, but the plaintiff who had grasped one of the upright ropes supporting the staging was left standing on a narrow joist or timber, holding on to the rope as his only means of security from falling to the ground, as the car had passed some five or six feet beyond the point of contact. It was at this time

that one Guyette appeared, whom the jury could find was foreman of the gang in which the plaintiff worked, and whose orders he had been instructed to obey. The jury under our decisions would have been amply warranted in finding on the evidence which need not be reviewed, that Guyette, to whom we shall refer as the foreman, had been entrusted with superintendence, and in what followed acted as a superintendent. *Murphy* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 18. *D'Almeida* v. *Boott Mills,* 209 Mass. 81, 86. The foreman after climbing to the top of the car endeavored to free the rope from the sign, but, not having been able to detach it, ordered the plaintiff to "let go of that rope." The plaintiff obeyed the order, and leaning over disengaged the rope where it had caught on the crosspiece, but the staging, which had been wrenched by the car from its proper position, rebounded, breaking the plaintiff's hold on the upright supporting rope and causing him to be thrown off and injured. The jury could say that the foreman from his point of view where the condition of the staging and the plaintiff's perilous position were in plain sight, should have known that, if the order was obeyed, the plaintiff was likely to be dislodged and injured. It was for the jury to pass upon the question whether he acted negligently. *Feeney* v. *York Manuf. Co.* 189 Mass. 336.

The plaintiff did not assume the risk of the foreman's negligence. Nor can it be said as matter of law, that by obeying the order, where he is not shown to have acted improperly, he contributed to his own harm. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586. *Griffin* v. *Joseph Ross Co.* 204 Mass. 477. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464.

But the defendant further maintains, that the plaintiff cannot recover because one Wells who had general charge of the work was present. The St. of 1909, c. 514, § 127, cl. 2, gives a right of action to the injured workman, if caused by "the negligence of a person in the service of the employer who was entrusted with and was exercising superintendence, and whose sole or principal duty was that of superintendence, or, in the absence of such superintendent, of a person acting as superintendent with the authority or consent of such employer." The defendant apparently offered no evidence, and upon this question more than one inference could have been drawn by the jury from the plaintiff's

testimony, and that of the only witness called by him. It could have been found that at the time the negligent order was given, the superintendent was not present or within hearing, although he may have come up before the plaintiff fell, or that if present he was a mere spectator, and took no part in directing the work. *Crowley* v. *Cutting,* 165 Mass. 436, 438. *Carney* v. *A. B. Clark Co.* 207 Mass. 200. If the defendant desired to go to the jury upon the question, doubtless it would not have asked that a verdict be ordered in its behalf, which was done. But however that may be, the jury under proper instructions should have been permitted to pass upon the issues raised, and the plaintiff having made out a case for their consideration, the exceptions must be sustained and judgment entered in his favor for the amount stipulated.

*So ordered.*