GEORGE CUNNINGHAM *vs*. ATLAS TACK COMPANY.

Bristol.    October 25, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.

In an action by an employee in the tack factory of the defendant for the loss of a finger through the alleged negligence of the defendant's superintendent, it appeared, that the plaintiff was called from his regular work to help in loading a rivet machine upon a wagon, that the machine weighed one thousand pounds and consisted of a pedestal four feet high with a balance wheel at the top, extending a foot and a half higher, and a cross piece, that the superintendent in charge of the loading knew the nature of the machine of which the plaintiff was ignorant, that when the balance wheel revolved two sharp edges were brought together, that at first the wheel was tied with a wire, but, while the men were attempting to place the machine on the wagon, it fell to the ground wrong side up, and the wire holding the wheel was broken, that the superintendent, without waiting to see whether the wheel still was tied, ordered a board put under the machine and then told six or eight men including the plaintiff to take hold and lift it into the wagon, directing as many as could to take hold of the board and the rest to get hold of the machine wherever they could, that there were more men than could get hold of the machine readily, that the plaintiff took hold of the board with his right hand and put his left hand on the end of the machine, that as the men lifted the machine to the wagon the plaintiff was crowded and lost his hold, and, when his left hand came clear, one of his fingers was gone, having been cut off by the two sharp edges brought together by the revolving of the balance wheel. *Held*, that there was evidence on which a jury might find that the superintendent was negligent in ordering the men to lift the machine without making sure that the balance wheel was tied, and that this negligence was the proximate cause of the plaintiff's injury. The jostling of the men and the consequent loosening of the plaintiff's hold was an incident to be expected in lifting so high, so heavy and yet so small a machine, and was not the sole cause of the accident.

TORT by an employee in the defendant's tack factory at Taunton, for personal injuries described in the opinion. Writ dated June 30, 1902.

In the Superior Court *Wait*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*F. S. Hall & C. C. Hagerty*, for the plaintiff.

*R. Spring*, for the defendant.

LORING, J. This is an action for the loss of a finger under the following circumstances. The plaintiff, who was an employee of the defendant, was called away from his regular work

to help in loading certain rivet machines upon a wagon in a hurry. The first machine was placed on the wagon without trouble. The second, after being rolled to the tail board on rollers, fell while being lifted upon the wagon. The first count was a count at common law, and the second was under the employers' liability act. The presiding judge directed a verdict for the defendant on both counts.

The case was submitted on briefs. No adequate description of the machine is given in the bill of exceptions, and no explanation was made by counsel of the cut of the machine which is also before the court.

The machine weighed one thousand pounds, and consisted of a pedestal four feet high with a balance wheel at the top extending a foot and a half higher. Across the top of the pedestal and at right angles to it is a cross piece. Apparently (in some way not adequately described) this balance wheel, when the machine is in operation, brings two sharp edges together. If the balance wheel is not tied it apparently revolves on the machine's being moved, and on its revolving the sharp edges are brought together.

The evidence warranted a finding that when the moving of this machine was begun the balance wheel was tied, but that the wire with which it was tied was broken by the fall, and that after the machine fell one Lincoln, who was in charge of the work, without waiting to see whether the wheel was still tied or not (he testified that he did not know whether it was originally tied or not), ordered a board put under some part of the machine and then told the six to eight men engaged in loading the machine to take hold and lift it into the wagon, directing as many as could to take hold of the board and " the rest get hold of the machine wherever you can," in the language of one of the witnesses. The machine was then bottom up. There were more men than there was "room [for] to get hold of the machine readily." The plaintiff then undertook to help lift with his right hand on the board and his left hand on the end of the machine, where apparently the sharp edges come together when the balance wheel turns. As the men lifted the machine to the wagon the plaintiff was crowded and lost his hold. He felt that his finger was caught, and with the next lift his "hand came

clear and the finger was gone,"— cut off by the two sharp edges put in motion by the revolving of the balance wheel. In the language of the superintendent on the stand, the plaintiff " had never had anything to do with the running of the machine upon which he was hurt, or any machine like it." The jury also were warranted in finding that Lincoln was a superintendent within the employers' liability act, and was acting as such.

We are of opinion that the jury were warranted in finding that it was negligent for Lincoln to order the men to lift the machine without making sure that the balance wheel was tied, and that this negligence was the proximate cause of the plaintiff's injury.

The jostling of the men and consequent loosening of the hold of the plaintiff under the circumstances was an incident to be expected in lifting so high, so heavy, yet so small a machine. We are of opinion that the defendant's contention is not well taken that this was something for which the defendant was not to blame and was the sole cause of the accident. Neither is the contention that the situation was as clear to the plaintiff as to the superintendent. The superintendent knew the nature of the machine, while the plaintiff was altogether ignorant of it.

The plaintiff has not argued that he can maintain his action at common law. The entry must be,

> *On the first count, exceptions overruled; on the second count, exceptions sustained.*