BERNARD O'TOOLE *vs.* ROBERT C. PRUYN & others, trustees.

Middlesex.   November 16, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, Employers' liability, Proximate cause.

At the trial of an action by an employee against his employer to recover for personal injuries alleged to have been received because, while he was standing between the handles of a wheelbarrow loading it with bricks, it tipped over by reason of defects in it and threw him from a platform to the ground, there was evidence which tended to show that the platform upon which the plaintiff was working was four feet wide and had no railing, and that wheelbarrows were being run in both directions upon it; that the plaintiff was directed to use the wheelbarrow which he was using and to stand between the handles when loading it, that he had been using it only about twenty minutes when injured, that on his first trip he noticed that it was " shaky " and called the attention of the person under whose direction he was to that fact, and that the latter told him to " go ahead and wheel with it," that one leg of the barrow was from one quarter to three quarters of an inch shorter than the other, the handles and the bolts were loose, and one of the braces was fastened defectively, that these defects were not obvious, and that the plaintiff did not know of their extent, but knew only that the barrow was "a little shaky "; that other employees who had used the barrow had put a block under the short leg and that a short time before the accident, when the barrow was in substantially the same condition and was being evenly loaded by another workman, it had tipped over. *Held*, that it could not be ruled as a matter of law either that the plaintiff was not in the exercise of due care or that he had assumed the risk of the injury, or that the defective condition of the wheelbarrow was not the proximate cause of the injury.

An employee may be precluded from recovering from his employer for personal injuries received by him and due to a defective condition of a wheelbarrow furnished by the employer for him to use, if when injured he appreciated or as a reasonably prudent man should have appreciated the character and extent of the danger, although he failed to understand the precise manifestation of it, but he cannot be so precluded on the ground that he has assumed the risk of the injury, unless he either understood or as a reasonably prudent man should have understood the nature and degree of the risk to which he was subjected.

At the trial of an action by an employee against his employer to recover for personal injuries alleged to have been caused by the defective condition of a wheelbarrow which the plaintiff was directed to use, it cannot be ruled as a matter of law that there is no evidence of negligence on the part of the defendant's superintendent if there is evidence tending to show that the wheelbarrow in question was badly out of repair, and that it was the duty of the superintendent to inspect the barrows used by the plaintiff and to see that they were sent to the carpenter shop for repairs as occasion required.

TORT for injuries received while in the employ of the defendants and alleged to have been due to the defective condition of

a wheelbarrow which the plaintiff was directed to use.   Writ in the Superior Court for the county of Middlesex dated March 17, 1905.

The case was tried before *Hardy*, J.   It appeared that, when injured, the plaintiff was standing on a platform between the handles of a wheelbarrow and was loading the barrow, when, because of defects described in the opinion, the wheelbarrow tipped over, the handle struck the plaintiff and he was thrown to the ground.   There was no railing on the platform.   The plaintiff testified that, although he had been employed for several years by the defendants, he never before had used a wheelbarrow in wheeling bricks for them, and at the time of the accident had been doing so for only about twenty minutes; that he was directed to use the identical wheelbarrow that he was using; that, after he had used it to wheel one load, he called the attention of the sub-foreman, under whose direction he had been placed by the foreman, to the shakiness of the barrow, and that the sub-foreman told him "they were using it all the day and before that," to "go ahead and wheel with it "; that, when loading the barrow, he stood between the handles, which was the position he had been directed to take by the sub-foreman, and in which he had noticed "the rest of the men" stood when they were loading barrows.

Other facts are stated in the opinion.

At the close of the evidence, the defendants made thirty-two requests for rulings, the substance of, and the rulings of the presiding judge with regard to all but the last two, of which are stated in the opinion.

The bill of exceptions states that, with regard to the thirty-first and thirty-second requests the presiding judge stated as follows:

"Request number 31: ' If the plaintiff knew before the accident that the wheelbarrow was shaky, and thereby was dangerous to use, he assumed the risk of injury from its use notwithstanding he may not have known the extent of the danger to which he was exposed in its use.'   I give that to you.   Of course with the slight modification that the person knows an implement he is working with is dangerous and obviously unsafe, that must apply to the use to which he is going to use it, and it is unneces-

sary for him to know every danger he would be exposed to in connection with using it. It is only in the exercise of due care and using his reason and good judgment he could see it was obviously unsafe for him to use it. The question of how far it is not necessary for him to gauge his action, and if you find he assumed the risk of using something obviously unsafe to use when he was injured, even if he didn't know how dangerous it was, and the extent he would be injured, then he is not entitled to recover.

"Request number 32: 'If the plaintiff knew before the accident the wheelbarrow was shaky, and there was consequently some danger in its use, he assumed the risk from injury resulting from said shaky condition notwithstanding the fact that he could not tell the exact degree of the danger.' I have already instructed you as to what risk there was there in its being shaky. Was it while in motion or at a place of rest? Did he from all the facts in his knowledge and in the exercise of reasonable care, did he know that it was so shaky that it would tumble down when in a place of rest? If you find he did know that, no matter whether he knew it would tip him off the platform or not, then it is for you to say he would assume the obvious risk of working with an implement in that condition, and he could not recover."

There was a verdict for the plaintiff; and the defendants alleged exceptions.

*M. O. Garner*, for the defendants.

*W. B. Grant*, (*T. J. Boynton* with him,) for the plaintiff.

RUGG, J. The principles of law by which this case is governed are well settled. The employer is bound to furnish to the employee reasonably safe tools and appliances, with which to do the work required of him. The employee on his part is bound to use reasonable care for his own safety with reference to the tools and appliances so furnished. This duty rests on him equally, whether the employer has done his duty or has failed in its performance. The standard of duty for the employee is the same, whether the tools and appliances with which he is provided are in good or in bad condition. He must at all times be in the exercise of due care. If, however, when furnished with an improper tool or unsafe appliance, the workman fully com-

prehends its defects and imperfections, and realizes the nature and extent of danger, which will arise from their use, and voluntarily, without compulsion or exigency, intelligently and intentionally proceeds to use them, then he must abide the consequences. If he has voluntarily assumed the risk, he is precluded from recovery, either on the ground that he has failed to exercise due care or as being within the maxim, *Volenti non fit injuria.* *Fitzgerald v. Connecticut River Paper Co.* 155 Mass. 155. *Wagner v. Boston Elevated Railway,* 188 Mass. 437. *Urquhart v. Smith & Anthony Co.* 192 Mass. 257. *Butler v. Frazee,* 211 U. S. 459.

Testing the plaintiff's conduct by these well settled principles, it does not appear that he is barred of the right to maintain his action. The appliance with which he was furnished was a wheelbarrow. This is an implement of widespread use. Its operation is a matter of common knowledge. But the details of its construction and its state of repair are not so instantly and easily obvious according to universal experience as to charge everybody who uses one with such detailed knowledge. There was some evidence, which, if believed, tended to show that the wheelbarrow, the tipping of which caused the plaintiff's injury, was improperly constructed and out of repair in that one leg was between one fourth and three quarters of an inch shorter than the other, and that its handles and bolts were loose, that the bolt, which held the brace to one leg, had too much play at the head and a wire had been twisted around the leg and brace, and that the nut " used to be out of the bolt ; it usen't to stay where it belonged," and that " the nut was in the end of the bolt that run through the wheel of the barrow to tighten up the barrow — it used to work out, and didn't tighten the barrow enough — it would come out." The plaintiff testified that while he was wheeling the barrow loaded with bricks he noticed that it was " a little shaky," but that he did not know that one leg was shorter than the other, nor was there any evidence that he knew of the imperfections in the bolts. To know that a barrow is shaky, when loaded with bricks, falls short of being a comprehension of the defects above pointed out, and certainly cannot be ruled as matter of law to constitute a knowledge of the danger likely to ensue from the use of such an implement as the jury may have found this to have been, nor is it knowledge of such a

character as necessarily to put one using it on his guard for a further and more complete examination. Mere shakiness under a heavy load cannot be ruled as a proposition of law to indicate disparity in the length of legs or any other condition likely to cause it to tip over while resting upon a platform and being loaded. Neither could it have been ruled as matter of law to have been negligent for the plaintiff to stand between the handles of the wheelbarrow while loading it. The platform upon which he was standing was only four feet in width, without any railing or protection on one side, and a man with another wheelbarrow was working on the same platform, and had passed the plaintiff just before the accident.

The trial court rightly refused to rule that there was no evidence that the defective condition of the wheelbarrow was the proximate cause of the injury. While the plaintiff was loading it with bricks, which were being handed him by a fellow workman standing on a platform below that on which the plaintiff was standing, the wheelbarrow turned over, whereby he was thrown a considerable distance to the ground. There was evidence that others who had used this wheelbarrow had put a block under the short leg to hold it even, and there was also evidence, which was admitted without objection, that, when it was in substantially the same condition as at the time of the accident and was being evenly loaded by another workman, this wheelbarrow had tipped over. The jury might have found, as men of experience in the common affairs of life, that a wheelbarrow in this condition with its defects of construction and repair was likely to tip over in the way described, and in the absence of any other explanation did in fact cause the injury.

The defendant complains of the refusal to give its thirty-first and thirty-second requests unqualifiedly and of the modifications, which were stated. Neither of these requests were correct statements of the law. They required the jury to find for the defendant if the plaintiff had some knowledge that the wheelbarrow was shaky, even though he did not have a comprehension of the extent of danger to which its use exposed him. A plaintiff may be precluded from recovery if he appreciates the character and extent of the danger which causes his injury, although he fails to understand the precise manifestation of it, but he

cannot be so precluded, unless he understands, or as a reasonably prudent man should have understood, the nature and degree of the risk to which he is subjected. Mere shakiness in the wheelbarrow might well have been found not to put the plaintiff on his guard against danger arising from one leg being shorter than the other and bolts and nuts imperfect and out of repair. Without affirming the correctness of the modifications of the requests, it is enough to say they were at least sufficiently favorable to the defendant.

The eighth request, to the effect that there was no evidence of negligence on the part of the superintendent, was properly refused, for the reason that there was some evidence tending to show that it was the duty of the superintendent to inspect the wheelbarrows and see that they were sent to the carpenter shop for repairs as occasion required.

*Exceptions overruled*