John D. Shannon *vs.* Edward P. Shaw & another.
Same *vs.* Charles G. Newcomb.

Middlesex. January 15, 1909. — March 5, 1909.

Present: Knowlton, C. J., Morton, Hammond, Loring, & Braley, JJ.

*Negligence,* Employer's liability, In moving safe. *Agency.*

At the trial of an action under R. L. c. 106, § 71, cl. 2, against an expressman by an employee to recover for personal injuries alleged to have been received by reason of negligence of a superintendent of the defendant, there was evidence tending to show that, under the general direction of one N., the plaintiff and four other employees of the defendant were assisting to move a safe weighing from twelve to fifteen hundred pounds up some steep stairs to the attic of a dwelling house, that boards were laid upon the stairs, the safe was wrapped in burlap and laid on its side upon the boards, a block and tackle were fastened to a board, which was placed three feet from the floor across an open doorway

which stood back eight feet from the top of the stairs, and then to a half inch rope which was wrapped three or four times around the safe; that thus the safe was being slid over the boards up the stairs when it stuck, and, without examining to see what caused it to do so, N. directed all the men to pull upon the rope together and himself took hold of the rope; that thereupon the rope around the safe broke and the safe fell upon the plaintiff. The presiding judge refused to order a verdict for the defendant. *Held*, that such refusal was correct, since there was evidence from which the jury were warranted in finding that the cause of the injury to the plaintiff was a negligent act of superintendence on the part of N.

Where one, who has been in the employ of an expressman for six years but never has helped to move a safe upstairs except by hand, is assisting a superintendent and four other employees of an expressman in moving a safe of twelve to fifteen hundred pounds weight up some steep stairs in a dwelling house, has seen a half inch rope wound three or four times around the safe and the hook of a hoisting block and tackle fastened into the rope under the superintendent's direction and, in response to his directions, has taken a position directly below the safe on the stairs and, the safe becoming stuck, with the other employees and the superintendent at the latter's command has pulled upon the rope of the hoisting apparatus "all together," whereupon the rope around the safe breaks and the safe falls upon him, he cannot be said as matter of law either to have failed to exercise due care or to have assumed the risk of his injury.

Where an employee is able to maintain an action against his employer under R. L. c. 106, § 71, cl. 2, for injuries due to negligence of a superintendent of the employer, he also may maintain an action against the superintendent personally.

Two actions of tort, by the same plaintiff against different defendants, for personal injuries alleged to have been received by the plaintiff while, under the direction of the superintendent of the defendants in the first case, he was assisting in moving a safe of twelve or fifteen hundred pounds weight upstairs to the attic of a house. The second action was against the superintendent personally. Writs in the Superior Court for the county of Middlesex dated May 25, 1906.

The cases were tried together before *Hardy*, J. The plaintiff relied in the first case only upon a count alleging negligence of the superintendent. At the trial it was admitted by the defendants in the first case that they were copartners doing business under the name of the Boston and Suburban Express and Parcel Company. It appeared that previous to a year before the accident Newcomb, the defendant in the second case, had been proprietor of Newcomb's Express, doing business in Newton and vicinity, but in 1904 had sold his business to the defendants in the first case and had remained in their employ on a salary and in charge for them of the business which he had sold. The accident happened on June 2, 1905.

The safe was being moved to the attic of the house of one Stanley in Newton. There was evidence tending to show that under the direction of Newcomb a board had been placed horizontally across a doorway at the head of the stairs up which, at the time of the accident, the safe was being moved, that the board was two or three feet from the floor and about eight feet from the top of the stairs. To this board was fastened a block and tackle. Boards with burlap under them were laid upon the stairs, the safe, wrapped in burlap, was placed on its side upon the stairs, furniture movers' rope about a half inch in thickness was wound three or four times around the safe, the hook of the hoisting tackle was fastened into the loop made by the ropes at the upper end of the safe and it then was slid along the boards up the stairs. There also was evidence that the stairs were steep and the ascent difficult.

Newcomb was in general charge of the job and was giving directions as the safe was being moved. Besides him and the plaintiff, there were four men assisting. When the safe approached the top of the stairs, Newcomb called the plaintiff from holding the stick in the door to go below the safe and keep it from the wall. There was evidence tending to show that the safe then "stuck," and that Newcomb, without investigating the cause of the sticking, told the men to pull together, he himself also taking hold of the rope, and that upon all of them but one doing so the rope around the safe broke and the safe fell upon the plaintiff.

One of the workmen testified as follows:

" Q. At any time while the safe was being carried up this last piece of stairway did you say anything to Mr. Newcomb in regard to the rope? A. I think I did suggest that it would be a good idea to have another rope on it, or something of that kind. — Q. What did he say? A. I don't exactly remember what his answer was any more than that he thought it would hold all right, or something to that effect."

The plaintiff testified that he had worked for Newcomb and the defendants in the first case for six years, but never before had assisted in moving a safe upstairs which was not carried by hand.

At the close of the evidence, the defendants in each case

requested that a verdict in their favor be ordered.   The substance of other requests for rulings made by the defendants sufficiently appears in the opinion.   The jury found for the plaintiff in both cases; and the defendants alleged exceptions.

*E. K. Arnold*, for the defendants.

*G. L. Mayberry & J. M. Gibbs*, for the plaintiff, were not called upon.

HAMMOND, J.   While the plaintiff was engaged with other men in moving a safe up some stairs in a house, the rope by which the safe was held parted, and he was injured by the safe falling against him.   For the injuries thus received these two actions were brought, one against his employers and one against the alleged superintendent.   The ground of action alleged in each case was the negligence of the superintendent.   The cases were tried together, and are before us upon exceptions taken in each case by the defendants.

Like many other cases of a similar nature, they involve no new principle of law, but simply the application of well settled rules to the peculiar facts of the cases.   The evidence upon many of the material points was conflicting, but we think that the jury may well have found that the plaintiff was in the exercise of due care ; that Newcomb was acting as superintendent of the men and of the work at the time of the accident; that for some reason the safe became "stuck" at one point on the stairway ; that while it was thus stuck Newcomb gave the order to pull all together on the rope, and that in obedience to that order great force was used by the men; and that by reason of the force the rope broke and the safe struck the plaintiff who was standing below it in the line of his duty.   The jury properly might have found further that the order to pull " all together" was an act of superintendence, and that in view of the size of the rope, and of the obstinate and somewhat unusual resistance of the safe at that particular stage of its progress it was Newcomb's duty to investigate the cause of the sticking before giving the order, and that under the circumstances the order was negligently given.   In a word, there was evidence of the due care of the plaintiff and of the negligence of Newcomb as superintendent, and this made out a case for the plaintiff in each case unless the plaintiff assumed the risk.   *Duffy* v. *Upton,*

113 Mass. 544.   *McPhee* v. *New England Structural Co.* 188 Mass. 141.   *Osborne* v. *Morgan*, 130 Mass. 102.

It could not be ruled as matter of law that the plaintiff assumed the risk.   The question was one of fact for the jury and it was submitted to them under instructions sufficiently favorable to the defendants.

We have carefully collated the requests for rulings made by the defendants with the instructions actually given, and can find no error in the manner in which the trial judge dealt with the requests.   The instructions given were full, apt and correct.

*Exceptions overruled.*