## Frank Sarrisin *vs.* S. Slater and Sons.

Worcester.    October 4, 1909. — October 18, 1909.

Present: Knowlton, C. J., Hammond, Loring, Sheldon, & Rugg, JJ.

*Negligence,* Employer's liability.

At the trial of an action for personal injuries received by the plaintiff while in the employ of the defendant, it appeared that the plaintiff and four others were engaged under the direction of one D. in placing a coil of piping in a machine, one step of the work requiring that the plaintiff and three fellow workmen should lift the coil while a plank which had been supporting it was removed, so that the coil could be lowered into the machine beneath, the person removing the plank doing so from the other side of a partition in which there were windows with sills three feet from the floor, through which the coils were being pushed; that one H., in the lowering of previous coils, had been removing the supporting plank, but that on the occasion of the accident D. had directed H. to go to the other side of the partition and help lift on the coil, saying that H. had been taking the planks out too slowly, and that he would "show him how"; that D. in pulling out the plank negligently struck one of the plaintiff's fellow workmen and caused him to lose his balance so that the coil fell on the plaintiff's hand. *Held,* that, assuming that D. might have been found to be a superintendent within the meaning of the employers' liability act, the negligent act of D. was not one of superintendence, and that the defendant was not liable.

Tort for personal injuries alleged to have been received by the plaintiff while in the defendant's employ and assisting in placing a coil of piping in a machine in the defendant's mill. Writ in the Superior Court dated October 17, 1907.

The declaration was in three counts, the first count being under R. L. c. 106, § 71, cl. 1, for alleged defect in the defendant's ways, works or machinery, the second count under R. L. c. 106, § 71, cl. 2, for alleged negligence of a superintendent or of one acting as superintendent, and the third count being at common law for negligence of the defendant in failing to furnish the plaintiff with safe and suitable tools, machinery and appliances.

The case was tried before *Gaskill,* J. It appeared that the machine into which the coil was being lowered was located by itself in a very narrow room made by a partition extending across a larger room. In the partition were windows, the sills of which were about three feet above the floor. Along the partition and in the larger room was a row of posts five to six feet from the partition and eight to ten feet apart, supporting the floor above.

To get a coil from the larger room into the narrow room a plank was nailed upon two of these posts (opposite the place in the machine where the coil was to be put) on which were rested two planks, the other end of which rested on the window sill in the partition. The coil then was lifted upon the planks and the two planks with the coil on them were pushed through the window and across the machine until one end of the planks rested on the window sill and the other end on a frame or horse on the opposite side of the machine, and the coil was above the place in the machine into which it was to be lowered. One end of the coil was then lifted up, the plank under it pulled out, and the coil lowered into the machine. Then the other end of the coil was lifted, the second plank was pulled out, and that end of the coil was lowered into the machine. Then the planks and horse were moved down opposite the next spot in the machine where a coil was to be placed and the same operation was repeated. This was done with seven coils and the accident happened when the eighth coil was being placed.

One Delauries had been acting as superintendent, in the absence of one LeBlanch, in directing the plaintiff and four others in the work of lowering the coils into the machine.

The eighth coil had been placed in position over the machine and was ready to have the planks removed and to be lowered into the machine, when, according to a witness, Hogan, (who had been engaged in pulling the planks from under the coils as the others lifted the coils for that purpose), Delauries said " if I understood him right, that I was to go along and lift on that coil that I had been pulling the planks, and he said to me, ' You go along and lift on the coil, and I will show you how to pull the plank,' and he said ' You have been pulling it slow.' " One Hall, testifying as to the same matter, stated that he heard Delauries tell Hogan " To go inside and lift on the coil and he [Delauries] would show him [Hogan] how to take out the plank, and that he [Hogan] was taking them out too slowly."

Hogan then took his place with another man on one side of the coil, opposite the plaintiff and Hall on the other side. At a direction from Delauries the plaintiff and Hall then raised their side of the coil and Delauries pulled the plank out with a jerk in such a way that the end of it swung around and struck Hall's

leg, causing Hall to lose his balance, whereupon he dropped the coil and it fell on the plaintiff's hand.

At the close of the plaintiff's evidence, the presiding judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*D. I. Walsh, T. L. Walsh & J. P. Love,* for the plaintiff.

*F. B. Smith, T. H. Gage, Jr., & F. F. Dresser,* for the defendant.

SHELDON, J. If we assume that Delauries might have been found to be a superintendent within the meaning of the employers' liability act, R. L. c. 106, § 71, cl. 2, now St. 1909, c. 514, § 127, cl. 2, and that the plaintiff's injury was due to the negligence of Delauries in pulling out the plank upon which one end of the coil of piping had rested, we are yet of opinion that the plaintiff showed no right of action against the defendant. Delauries' act in pulling out the plank was not an act of superintendence, but merely the act of a fellow workman. For such an act the defendant cannot be held responsible. *Hoffman* v. *Holt,* 186 Mass. 572. The negligence was not in deciding to pull out the plank or in determining the mode of so doing which should be adopted; it was in pulling out the plank with so little care that its end hit the post, swinging the other end around against Hall's person. But this was purely the act of a fellow servant. *McPhee* v. *New England Structural Co.* 188 Mass. 141, 143, per Loring, J.

The testimony that Delauries had found fault with Hogan for having on former occasions pulled out the plank too slowly, and had said that he (Delauries) would show Hogan how to pull out the plank, did not, under the circumstances, indicate that he intended to adopt or did adopt any different mode of doing the work; it was simply a complaint that not enough alacrity had been shown and a somewhat boastful remark that he would do it more rapidly and efficiently. He still followed the same plan as before; and it was solely from his negligence in doing the manual labor that the accident resulted. See *Moore* v. *Curran,* 198 Mass. 60 ; *McDonnell* v. *New York, New Haven, & Hartford Railroad,* 192 Mass. 538; *Flynn* v. *Boston Electric Light Co.* 171 Mass. 395. The case at bar differs in this material respect

from *Shannon* v. *Shaw*, 201 Mass. 393, *Robertson* v. *Hersey*, 198 Mass. 528, *Coates* v. *Soley*, 194 Mass. 386, *Hourigan* v. *Boston Elevated Railway*, 193 Mass. 495, and other cases relied on by the plaintiff. There was no evidence of negligence in failing to adopt a better method of doing the work or to provide a sufficient number of men to steady and lower the coil, as in *Bowie* v. *Coffin Valve Co.* 200 Mass. 571.

It has not been contended that the plaintiff could have recovered under his third count. There was no evidence of any failure to furnish safe and suitable tools, machinery and appliances.

The judge presiding properly ordered a verdict for the defendant.

*Exceptions overruled.*