MARIANNO SILVIA *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Bristol.     October 26, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence,* Employer's liability.  *Railroad.*

A trucker, who is employed by a railroad corporation at a dock terminus to wheel freight on a truck into and out of freight cars and steamboats, does not assume the risk of an injury caused by the negligence of a superintendent of his employer in regard to the adjusting of a rise board used for the purpose of wheeling freight from a car to the platform of the station.

In an action against a railroad corporation by a trucker employed at a dock terminus of the defendant to wheel freight on a truck into and out of freight cars and steamboats, for personal injuries from a heavily loaded box falling upon him with his truck when he was attempting to wheel it down a rise board from a freight car to the floor of the platform of the station two or two and a half feet lower, it appeared that the plaintiff had had an experience of seven or eight months in wheeling trucks over rise boards, that the rise board was about four feet long and three and a half feet wide, that a post which supported a part of the roof of the station was opposite the doorway of the car and near one side of it, that the rise board was not flush with the floor of the car throughout its width, that it was not set square with the side of the car, one corner projecting a little farther into the car than the other and standing up a little more than the other, that the plaintiff, after loading the box upon his truck, was wheeling it out, when a wheel of the truck caught against the edge of the rise board, that a superintendent of the defendant in charge of the work took hold of the box and pulled it, when the box and the truck fell and broke the plaintiff's leg.  The defendant contended that the plaintiff was not in the exercise of due care, and that, knowing the conditions and knowing that there was danger, he went on taking his chances when due care required him to stop.  *Held,* that the question whether the plaintiff was in the exercise of due care was for the jury.

In an action against a railroad corporation by a trucker employed at a dock terminus of the defendant to wheel freight on a truck into and out of freight cars and steamboats, for personal injuries from a heavily loaded box falling upon him with his truck when he was attempting to wheel it down a rise board from a freight car to the floor of the platform of the station two or two and a half feet lower, there was evidence that the plaintiff had been told by a superintendent of the defendant to take out the freight from this car and that, while the plaintiff was adjusting the rise board, which he saw was not placed straight and square, the superintendent told him to "hurry up and go into the car."  The plaintiff contended that this order of the superintendent was evidence of negligence.  *Held,* that the words "hurry up and go into the car," as they were used by the superintendent, meant nothing more than a direction to the plaintiff to work faster than he was working, and did not imply that he should use the rise board without stopping to straighten it, and

that such an order to the plaintiff merely to work faster could not be found to be negligent.

It is not the duty of a superintendent in the employ of a railroad corporation at a dock terminus where he is directing truckers, who are wheeling freight on trucks into and out of freight cars and steamboats and are furnished with rise boards to use for that purpose, to observe personally the position of a rise board which has been put in place by an experienced trucker for the purpose of wheeling upon his truck a heavily loaded box from a freight car to the platform of the station two or two and a half feet lower, if there is nothing to show that the superintendent might not properly trust the truckers to put down the rise boards without looking to see whether they set them straight.

In an action against a railroad corporation by a trucker employed at a dock terminus of the defendant to wheel freight on a truck into and out of freight cars and steamboats, for personal injuries from a heavily loaded box falling upon him with his truck when he was attempting to wheel it down a rise board from a freight car to the floor of the platform of the station two or two and a half feet lower, there was evidence tending to show that a superintendent of the defendant in charge of the work took hold of the box and pulled it, and in doing so caused the truck and the box to fall. The defendant contended that this act of the superintendent was done when he was acting as a fellow workman of the plaintiff. *Held,* that the interference with the plaintiff's truck and the box might be considered as made up of two elements, first, a determination that the pulling should be done to help the plaintiff, which was within the province of a superintendent, and second, the manual act of carrying this determination into effect, which was not an act of superintendence but one of a fellow workman, and that it was for the jury to decide whether there was negligence in pulling the box, and, if so, whether such negligence was in the determination that it should be pulled or in the manual act of pulling it.

TORT under R. L. c. 106, § 71, cl. 2, the counts alleging other grounds of liability having been waived, for personal injuries received by the plaintiff while he was in the employ of the defendant and was wheeling on a truck a box of shovels down a rise board from the floor of a freight car to the station platform at the Fall River dock terminus of the defendant. Writ dated June 15, 1908.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence is described in the opinion. No witnesses were called by the defendant except a medical expert. At the close of the evidence the defendant asked the judge to rule that there was no evidence of negligence for which the defendant was responsible, that there was no evidence of any negligence on the part of any person for whose negligence the defendant was responsible, that on all the evidence the jury must find in favor of the defendant, and that the plaintiff had failed to show that, when injured, he was in the exercise of due care. The judge

refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*F. S. Hall,* (*T. J. Feeney* with him,) for the defendant.

*J. A. Kerns,* for the plaintiff.

KNOWLTON, C. J. The plaintiff was employed by the defendant as a trucker at its dock in Fall River, and his work was to wheel freight on a truck into and out of freight cars and steamboats. He was injured while wheeling a box of shovels, weighing about eight hundred pounds, from its place in a freight car to the platform of the station, whence he intended to take it to the boat for New York. The car floor was two or two and a half feet above the platform of the station, and a rise board about four feet long and three and a half feet wide was in use at the time of the accident, down which the truck could be wheeled. A post which supported a part of the roof of the station was opposite the doorway of the car, near to one side of it, and the rise board was not flush with the floor of the car throughout its width, and was not set square with the side of the car, but one corner was a little farther into the car than the other, and stood up a little more than the other. The plaintiff, after loading the box upon his truck, was drawing it out, when a wheel caught against the edge of the rise board. One Peggy, who might have been found to be one of the defendant's superintendents, took hold of the box and pulled it, when it and the truck fell and broke the plaintiff's leg.

The plaintiff relies upon the alleged negligence of Peggy, as superintendent, in two particulars. There was evidence that, after the plaintiff had been told to take out the freight from this car, and while he was adjusting the rise board which he saw was not placed straight and square, Peggy told him to "Hurry up and go into the car." He also contends that Peggy was negligent as a superintendent in taking hold of the box and pulling upon it.

The defendant contends that there was no evidence of negligence of the superintendent, and that the plaintiff assumed the risk, and was not in the exercise of due care. If there was negligence of the defendant or its superintendent in regard to the adjusting of the rise board, there was no contractual assumption of the risk from it by the plaintiff. He could not have con-

templated when he entered the service that there would be such negligence. It has often been said that an employee does not assume the risk of the negligence of the superintendent. This is plainly true in reference to a contractual assumption of risk. It cannot be ruled that a plaintiff is barred by an assumption of the risk that comes from the negligence of a superintendent, unless it can be said, as matter of law, that, after the danger has become manifest, the plaintiff not only knows of the conditions that create it, but knows and appreciates the risk itself, — that is, the degree of danger and the probability of injury from these conditions. In this respect the rule is like that applying to other kinds of negligence of a defendant that come into existence while the plaintiff is in his service.

It is contended that the plaintiff assumed the risk in the sense in which the expression is used in connection with the question whether a plaintiff was in the exercise of due care; that is, that, knowing all about the conditions and knowing that there was danger, he went on taking his chances when the chances were such that due care required him to stop. On this point we think the question was for the jury.

If the superintendent's order to hurry up could be taken as a statement that the rise board was safe and that the plaintiff should go on and use it without straightening it, the jury might have found the order to be negligent. But in our opinion the evidence does not warrant that construction of it. We think the words " hurry up and go into the car " do not mean anything more than a direction to work faster than he was working. It was a part of his duty to put the rise board in place. From an experience of seven or eight months in wheeling trucks over rise boards, he knew as well as anybody how a rise board should be placed to enable the wheels to pass over it easily. It seems to be assumed by everybody that there was nothing to prevent the proper adjustment of the rise board, if he had taken time to move it from the post and put it in place. While he had his hands upon it, a very few seconds would seem to have been sufficient to straighten it. We do not think that an order that the plaintiff should work faster could be found to be negligent, as implying that he should not straighten the board, and should use it as it was.

Nor do we think it the duty of the superintendent personally to observe the position of such a rise board to see that it was set straight. These boards were furnished to the truckers to use, and a trucker of experience knew how to use them as well as the superintendent. There was no evidence to show that the superintendent might not properly trust truckers to put down the rise boards without looking to see whether they set them straight for their own safety in doing the work and in the interest of their employer. We are of opinion that there was no evidence of negligence of the superintendent in regard to the position of the board.

The evidence tended to show that taking hold of this heavy box and pulling it caused the truck and the box to fall. We are of opinion that the jury might have found this to be negligence. On this part of the case the question is whether it could have been found to be negligence of the superintendent as such, or simply negligence of a fellow workman.

If another man had been near the truck, and the superintendent, seeing the plaintiff's difficulty, had thought that pulling the box was the best way to relieve him, and had ordered the other man to take hold of it, his order plainly would have been an act of superintendence. If the other man had taken hold of the box and it had fallen and injured the plaintiff, the jury might have found, either that the order was a mistake, imputable to the negligence of the superintendent, or that there was no negligence on his part, and that the order was negligently executed by the other man. So, in the present case, the interference with the plaintiff's truck and box may be considered as made up of two elements: first, a determination that the pulling should be done for his assistance, and a resolve to have it done, which would be within the province of a superintendent; and second, his manual act of carrying the determination into effect, which would not be an act of superintendence, but the movement of a fellow workman. We are of opinion that it was for the jury to determine whether there was negligence in pulling the box, and, if so, whether it was in the determination that it should be done, or in the manual act of doing it. In this respect the case is like *Roche* v. *Lowell Bleachery*, 181 Mass. 480.

*Exceptions overruled.*