PETER J. IGO *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 8, 9, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.    *Practice, Civil,* Exceptions, New trial, Verdict.

In an action under the employers' liability act against a street railway corporation, for injuries received by the plaintiff from the flattened top of a bolt flying into the plaintiff's eye while he was at work in a car barn of the defendant, assisting under the direction of a superintendent in repairing the iron fender of a car, evidence was offered from which it could have been found that the injury to the plaintiff resulted from the negligence of the defendant's superintendent, who with his own hand cut off the head of the bolt with a cutter, and that this negligence consisted in determining to use a carriage bolt upon the fender as a rivet, a purpose for which on account of its hardness it was unfit and for which the superintendent should have known it to be unfit; it also could have been found that the defendant's superintendent was again negligent, after the carriage bolt had been hammered and its material thus had been made still harder and more brittle, in determining to cut off the head of the bolt with a cutter in a manner and with a tool which could have been used properly had he been dealing with a rivet but which could not be used safely upon the head of a carriage bolt which thus had been hardened and rendered brittle ; and it also could have been found that the superintendent was negligent in failing to warn the plaintiff of

the increased risks caused by the course adopted. *Held*, that the evidence offered, if proved, would entitle the plaintiff to go to the jury, as the negligence would be that of a superintendent acting as such within the meaning of R. L. c. 106, § 71, cl. 2, now St. 1909, c. 514, § 127, cl. 2.

An employee does not assume the risk of a danger of which he is ignorant caused by the negligence of a superintendent of his employer, whose orders he is obeying, in adopting a method of doing the work in hand which is unnecessary and dangerous.

Upon a bill of exceptions in an action under the employers' liability act for injuries suffered by the plaintiff while at work in the defendant's employ, where an offer of proof made by the plaintiff's counsel is stated, upon which the presiding judge ordered a verdict for the defendant, and the offer of proof as set forth in the bill of exceptions contains no offer to prove that notice was given to the defendant in compliance with the requirement of R. L. c. 106, § 75, but the declaration, made a part of the bill of exceptions, contains an averment that such a notice was given and no question as to the proof of this averment appears to have been made at the trial, and the bill of exceptions shows that the judge, although he stated fully his reasons for ordering a verdict for the defendant, did not advert to this matter, the ruling of the judge, if otherwise erroneous, will not be sustained on this ground.

In an action at common law by a workman against his employer, for personal injuries alleged to have been caused by the negligence of the defendant in employing an incompetent superintendent, incompetence cannot be inferred from a single instance of negligence, and, even where incompetence of the defendant's superintendent is shown, this does not show negligence of the defendant in employing him as a superintendent unless it also is shown that the defendant knew or ought to have known of the incompetence.

In an action by a workman for personal injuries sustained while in the employ of the defendant, where the declaration contained two counts under the employers' liability act, alleging negligence of a person in the service of the defendant entrusted with and exercising superintendence, and a third count at common law, alleging negligence of the defendant in employing an incompetent person as superintendent, and the presiding judge ordered a general verdict for the defendant, this court held that there was evidence for the jury under the first two counts of the declaration, but that there was no evidence to submit to the jury upon the count at common law, and, in sustaining the plaintiff's exceptions, ordered that a new trial must be had upon the first and second counts only, leaving the verdict on the third count to stand.

Tort for personal injuries sustained while the plaintiff was in the employ of the defendant at its car barn at North Cambridge on March 16, 1903, from the flattened top of a bolt flying into the plaintiff's left eye, when the plaintiff, who was assisting in repairing an iron fender of a car, by the direction of one Lynch, alleged to be a superintendent of the defendant, was holding a sledge hammer pressed against the bolt to keep it in position while Lynch cut off the flattened top of the bolt with a bolt cutter; with three counts, the first and second under the em-

ployers' liability act alleging negligence of a person in the service of the defendant entrusted with and exercising superintendence, and the third at common law alleging negligence of the defendant in employing an incompetent person as superintendent. Writ dated May 13, 1903.

At the trial in the Superior Court in April, 1908, before *Harris*, J., the plaintiff's counsel read the pleadings and then read an opening statement.

At the conclusion of his opening statement the plaintiff's counsel offered to prove the facts stated in his opening in support of the following contentions:

" 1. It appearing that there were no rivets at hand, and having a blacksmith shop at hand, the work to be done was for a blacksmith and should have been ordered to be done by the blacksmith in the blacksmith shop of the defendant in that building, where tools and implements were provided for the purpose.

" 2. That the negligence complained of is the failure to order a rivet to be used. If a rivet had been used, it being softer, it could have been cut and the cut would not fly. If there were no rivets in stock, the blacksmith could have easily and quickly made a sufficient supply for this work.

" 3. The negligence complained of is the order to use a carriage bolt where a rivet should have been used. A carriage bolt being made of a different material, is harder than a rivet and when cut will fly.

" 4. That the determination to cut a bolt that had been riveted was an act of superintendence and was negligent. That the process of riveting will make the material of a bolt harder and more brittle and more likely to fly when cut. That a bolt once riveted should not be cut.

" 5. That to permit the plaintiff to be so near to the material that was cut, in the condition in which the superintendent then knew it to be, and knowing, as he must have known, that it would fly when cut, was negligence on the part of the superintendent.

" 6. That the determination to use a cutter to cut the head of the bolt that had been riveted was an act of superintendence and was negligence.

" 7. That the superintendent was negligent in using the bolt cutter at the time and under the circumstances.

" 8. That the proximate cause of the accident was an act of superintendence, not an act of manual labor.

" 9. That the superintendent, in permitting the plaintiff to be in the position he was in at the time of the accident without warning to the plaintiff of the danger, which the superintendent knew and appreciated or should have known and appreciated, was negligent.

" 10. That the superintendent had no mechanical training outside of a limited knowledge of electrical wiring, and that the knowledge and training he did have did not fit him to assume the duties of a superintendent having in charge work involving a general knowledge of mechanics, and that this was known or should have been known to the defendant."

After hearing the plaintiff's opening statement and his offer of proof, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Cronan* (*H. P. Mason* with him,) for the plaintiff.

*W. G. Thompson,* (*S. H. E. Freund* with him,) for the defendant.

SHELDON, J.    Upon the facts stated by the plaintiff's counsel in opening, we are of opinion that the jury would have been warranted in finding that Lynch was a superintendent in the employ of the defendant within the meaning of R. L. c. 106, § 71, cl. 2, now contained in St. 1909, c. 514, § 127, cl. 2, and that the injury to the plaintiff resulted from Lynch's negligence. This negligence, the jury might have found, consisted in determining to use a carriage bolt upon the fender as a rivet, a purpose for which it was unfit and for which Lynch should have known that it was unfit.   They also might have found that he was negligent in subsequently determining, after this bolt had been hammered and its material thus had been made harder and more brittle, to cut off the head of the bolt with a cutter, in the manner and with a tool which properly could have been used if he had been dealing with a rivet, but which could not be used safely upon the head of a carriage bolt which had been thus hardened and rendered brittle.   This negligence would be the negligence of a superintendent, acting as such, for which the

defendant would be liable under the statute already referred to.  *Shannon* v. *Shaw*, 201 Mass. 393, 396.  *Coates* v. *Soley*, 194 Mass. 386.  *Hourigan* v. *Boston Elevated Railway*, 193 Mass. 495, 498.  *Meagher* v. *Crawford Laundry Machine Co.* 187 Mass. 586.  It could be found that his negligence was not in carelessly executing the plan which he had formed, as in *Sarrisin* v. *S. Slater & Sons*, 203 Mass. 258, and other cases relied on by the defendant, but, as in the cases above cited, in the adoption of a plan which the jury could find to have been negligently adopted.  *Silvia* v. *New York, New Haven, & Hartford Railroad*, 203 Mass. 519.  His failure to warn the plaintiff of the increased risks caused by the course adopted also might be found to have been negligence for which the defendant would be liable.

In view of the plaintiff's ignorance of the dangers to which he was exposed by the course taken by Lynch, and of the fact, asserted by him, that he claims to have followed exactly the orders given to him by Lynch, the jury could have found that he was in the exercise of due care and had not assumed the risk of the accident which happened.  The considerations urged by the defendant as to these questions are rather for the jury than for the court.  *O'Toole* v. *Pruyn*, 201 Mass. 126.

We think it plain from the bill of exceptions, including what took place between the judge and the plaintiff's counsel as well as what was said by the judge to the jury, that the verdict for the defendant was not ordered by reason of the failure of the plaintiff's counsel to offer to show that notice had been given to the defendant in accordance with the provisions of R. L. c. 106, § 75.  The bill of exceptions shows that the giving of such a notice was averred in the second count.  It was agreed at the argument that the first count contained a similar averment.  No question as to the proof of this averment seems to have been made at the trial.  The judge, though he stated fully his reasons for ordering a verdict for the defendant, did not advert to this matter.  A new trial ought not now to be refused for this reason.

For similar reasons we think that the second count of the declaration should have been submitted to the jury.

Accordingly we are of opinion that the defendant is not en-

titled to retain the general verdict which was ordered in its favor. But we are also of opinion that no right was shown to hold the defendant under the third count of the declaration. Incompetence cannot be inferred from a single act of negligence. *Ettore* v. *Swingle*, 183 Mass. 194. But if we treat the general statement in the plaintiff's offer of proof that Lynch was incompetent as sufficient, there was yet nothing to show that the defendant knew or ought to have known of this incompetence and so was negligent in employing him as superintendent, or that the injury to the plaintiff was due to such incompetence. *Cooney* v. *Commonwealth Avenue Street Railway*, 196 Mass. 11, 14, 15. *Gilman* v. *Eastern Railroad*, 10 Allen, 233, 238, and 13 Allen, 433, 440.

The plaintiff's exceptions must be sustained as to his first and second counts, and a new trial must be had upon those counts only.

*So ordered.*