ADOLPH FRIED vs. BAY STATE DREDGING COMPANY, LIMITED.

Suffolk. March 19, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Employer's liability.

At the trial of an action for personal injuries received by the plaintiff while·in the employ of the defendant upon a dredge in the State of Maine, the plaintiff contended that his injuries were caused by negligence of a superintendent of the defendant and that he had a right to recover under the provisions of the employers' liability act of the State of Maine, and it appeared that the material provisions of that act were in substance like those of the corresponding Massachusetts act. There was evidence that it was one of the plaintiff's duties to oil the central bearing of an engine upon the dredge after the lunch hour, that it was the duty of the superintendent to start and stop an engine which operated the dredge, that it was customary for the superintendent not to start the engine after the lunch hour until the plaintiff had notified him that all was clear, that it was known not to be safe to oil the central bearing when the engine was in motion and that, without receiving any notification from the plaintiff, the superintendent started the engine while the plaintiff was oiling the central bearing, causing the plaintiff's injury. *Held,* that a finding was warranted that the superintendent was negligent in determining to start the engine without notification from the plaintiff.

It also was *held* that, while the mere act of starting the engine was one of manual labor on the part of the superintendent for which the defendant would not have been liable, such act was preceded by the forming of a determination to start the engine which was an act of superintendence, which might have been found to have been a negligent act and for which the defendant might have been found liable.

TORT for personal injuries received by the plaintiff while employed by the defendant upon a dredge in Portland Harbor in the State of Maine, the plaintiff alleging as the cause of the injuries, in the first count of the declaration a defect in the ways, works and machinery used by the defendant, in the second count negligence of a superintendent of the defendant, in the third count negligent failure to furnish safe and proper tools, appliances and apparatus and the furnishing of unsafe and improper tools and appliances, and in the fourth count a negligent failure to provide a proper, safe and suitable place in which to work and to warn the plaintiff of the dangers attending the place which was provided. Writ dated October 1, 1915.

In the Superior Court the case was tried before *O'Connell*, J. The material evidence is described in the opinion.

The material portions of Laws of Maine 1909, c. 258, § 1, upon which this action was based, are as follows:

"Section 1. If personal injury is caused to an employee, who, at the time of the injury, is in the exercise of due care, by reason of: . . .

"Second, that the negligence of a person in the service of the employer who was entrusted with and was exercising superintendence and whose sole or principal duty was that of superintendence, or in the absence of such superintendent, of a person acting as superintendent with the authority or consent of such employer. . . .

"The employee or his legal representatives, shall subject to the provisions of the eight following sections, have the same rights to compensation and of action against the employer as if he had not been an employee, nor in the service, nor engaged in the work, of the employer. . . ."

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant upon the first, third and fourth counts of the declaration, but declined to order a verdict for the defendant upon the second count. Thereupon the plaintiff waived his right to a trial by jury, the defendant rested its case and the judge found for the plaintiff in the sum of $2,500 upon the second count of his declaration and reported the case to this court upon the stipulation that, if there was any evidence to warrant the finding for the plaintiff, final judgment should be entered for the plaintiff upon the finding; otherwise, judgment was to be entered for the defendant.

*E. C. Stone*, for the defendant.

*F. L. Norton*, (*M. Jenney* with him,) for the plaintiff.

CROSBY, J. The plaintiff, while employed by the defendant as an engineer upon a dredge in Portland Harbor in Maine, received personal injuries for which he seeks to recover damages in this action. At the defendant's request the presiding judge ordered a verdict for the defendant upon the first, third and fourth counts of the declaration, but declined to do so upon the second count, which was a count under the employers' liability act of the State of Maine (Laws of Maine 1909, c. 258) alleging

the negligence of a superintendent. The statute under which the plaintiff seeks to recover is substantially identical in language with the Massachusetts employers' liability act (St. 1887, c. 270) as amended. St. 1909, c. 514, § 127, cl. 2.

The duties of the plaintiff were to take care of the boiler fires, to clean and oil the engines and to keep them in repair. He and the other employees upon the dredge were under the charge of the captain, one Benson, "from whom all took their orders and who had charge of said dredge and its operations, and who might be found to be a superintendent within the meaning of said employers' liability act." Benson operated the engines by levers located in a "running room" in the upper forward part of the dredge. The engine in question was the main engine. When it was in operation the whole dredge rocked like a ship in a storm (which fact was known to Benson and the other employees including the plaintiff), and for this reason certain parts of the engine could not be oiled in safety when the engine was in operation because the person so oiling would be in danger of being caught in the gears. At the time of the accident, which was directly after the nine o'clock lunch had been served to the men, the plaintiff was oiling the central bearing of the main engine, when without warning the captain suddenly started the engine, the dredge rocked, the plaintiff was thrown forward, and his hand was caught in the gearing, causing the injuries for which he seeks to recover.

There was evidence to show that it was customary to oil the central bearing of the main engine each day after breakfast, after nine o'clock lunch, and after dinner at noon; and that the engine never was started after one of these meals until the plaintiff had notified the captain that all was clear and that he (the plaintiff) was in a position of safety. It also appeared that the captain when in the "running room" by looking could see where the plaintiff would stand in the engine room at the time of the accident. It is plain that the plaintiff's injuries were caused by the starting of the engine without notice. It might have been found that, in view of the custom of the plaintiff to notify Benson when it was safe to start the engine, it was the duty of Benson, as superintendent, not to start the engine until he had received such notice.

While, as the defendant argues, the starting of the engine was

an act of manual labor, still it was preceded by the determination to start it without notice from the plaintiff and without ascertaining whether it was safe to do so. Such a decision on the part of Benson could have been found to be an act of superintendence and, as such, a negligent act. *O'Brien* v. *Look,* 171 Mass. 36. *Murray* v. *Rivers,* 174 Mass. 46. *Roche* v. *Lowell Bleachery,* 181 Mass. 480. *Meagher* v. *Crawford Laundry Machine Co.* 187 Mass. 586. *McPhee* v. *New England Structural Co.* 188 Mass. 141. *Silvia* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 519. *Mooney* v. *Benjamin F. Smith Co.* 205 Mass. 270. *Kushnizki* v. *New England Biscuit Co.* 210 Mass. 177. *Rhoades* v. *Varney,* 91 Maine, 222. As the negligence complained of could have been found to be the result of an act of superintendence as distinguished from an act of manual labor, such cases as *Cashman* v. *Chase,* 156 Mass. 342, *Sarrisin* v. *S. Slater & Sons,* 203 Mass. 258, *Buckley* v. *Dow Portable Electric Co.* 209 Mass. 152 and *Bedard* v. *Nonotuck Silk Co.* 210 Mass. 361, are not applicable.

It could not have been ruled that the plaintiff was not in the exercise of due care or that he assumed the risk of injury, and we do not understand the defendant to contend to the contrary. In accordance with the terms of the report, judgment should be entered for the plaintiff in the sum of $2,500.

*So ordered.*